THE STATE, Respondent, v. METZGER, Appellant.

26   65
97  574
B  65
43a 461
26b  65
127  488
26b  65
75a 336
26b  65
a155 213

1. Inferior tribunals not proceeding according to the course of the common law are confined strictly to the authority given; it must appear on the face of their proceedings that they have jurisdiction.
2. Justices of the peace have no jurisdiction, under the "act to define the jurisdiction and regulate the proceedings of justices' courts in cases of breaches of the peace" (R. C. 1855, p. 977), in cases of assault and battery, unless the offence be committed in their respective counties.
3. Where, in the case of a prosecution before a justice of the peace for an assault and battery, a conviction is had and the defendant appeals to the circuit court, he is entitled to have the prosecution dismissed if the transcript of the justice does not show that the offence complained of was committed in the county in which the justice held his court.

*Appeal from Gasconade Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*C. Jones*, for appellant.

*C. G. Mauro*, (circuit attorney,) for the State, cited

Wharton C. L. 193; Stewart v. State, 5 Ohio, 242; State v. Bowling, 10 Hump. 52; Clark v. The State, 12 Georg. 350; R. C. 1855, p. 977.

RICHARDSON, Judge, delivered the opinion of the court.

The transcript of the justice, on which the circuit court took cognizance of the case, does not contain the warrant, or any affidavit or other statement that an offence had been committed, except the minute on the docket, and it nowhere shows that the assault was committed in Gasconade county. This was a criminal proceeding, and the usual liberality that is indulged to uphold the proceedings of courts of common law jurisdiction can not be invoked in this cause. Justices of the peace have no jurisdiction, in cases of assault and battery, under the act concerning breaches of the peace (R. C. 1855), except such as occur within their respective counties, and the transcript ought to have shown on its face that the justice had jurisdiction of the offence. It is a well established principle of law that inferior tribunals not proceeding according to the course of the common law are confined strictly to the authority given, and the ground of their jurisdiction must appear on the face of their proceedings. (9 Wheat. 549; 1 John. Cas. 20.) In the case of The People v. Miller, 14 John. 370, the defendant had been convicted of a misdemeanor in the court of special sessions of Otsego county; the case was taken on *certiorari* to the Supreme Court, and, it not appearing on the record in what county the offence was committed, the judgment was reversed, and the court declared: " it is essential that it should appear that the court had jurisdiction of the offence, and it had no jurisdiction unless it was committed in the county of Otsego." So also in Powers v. The People, 4 Johns. 292, the defendant had been convicted before three justices of stealing a handkerchief, and on *certiorari* the proceedings were quashed because it did not appear that the value of the article stolen was less than twelve dollars and a half; and the court observed, " it is a salu-

tary rule with respect to inferior courts that the cause, of which they take cognizance, should appear to be within their jurisdiction."

It may be that some paper before the justice, which he did not send up with the appeal, properly laid the venue, but as none appeared in the transcript the court ought to have sustained the defendant's motion to dismiss.

The other judges concurring, the judgment is reversed and the cause remanded.