JOHN S. WILLIAMS, Defendant in Error, *v.* WM. T. BROWNING, Plaintiff in Error.

1. *Justice's court — Suit for damages — Obstruction of drain.*—A suit before a justice simply to recover damages for obstructing plaintiff's drain, does not involve an investigation of title to real estate.

2. *Practice, civil — Motion to dismiss — Failure to except, effect of.*—When no exceptions are taken to the action of the Circuit Court in overruling a motion to dismiss for want of due service of summons, its action in that behalf is not open to review in the Supreme Court.

*Error to Fifth District Court.*

*Dixon & Pollard,* for plaintiff in error.

The objection to the jurisdiction of the justice, made in the justice's court, and the Circuit Court and District Court, should have been sustained. (1 Hill. on Torts, 508, note *b*; 6 Hill, 342; 15 Ohio, 489.)

*Collier,* for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

This suit was brought before a justice of the peace to recover twenty-five dollars damages for obstructing the plaintiff's drain, whereby, it is alleged, the plaintiff's premises were injured by the accumulation of water thereon—its outward flow being interrupted by the obstructions in said drain. It is objected that the subject-matter of the suit was not within the jurisdiction of a justice; and that if it was, the justice failed to acquire jurisdiction of the defendant—the summons issued by the justice being claimed to be invalid. 1. The first objection rests upon the assumption that the suit involved an investigation of the title to real estate. This assumption is not supported by the facts appearing of record, and is therefore not sustainable. (See Whalen v. Keith, 35 Mo. 87.) 2. The second objection rests upon the fact that the justice's summons was issued and served only six days before the return day therein named; whereas the statute requires the issue and service of the summons, in such cases, fifteen days prior to the return day of the writ.

The defendant appeared before the justice and moved to dismiss. The motion was overruled and a trial had upon the merits. On appeal to the Circuit Court, the motion to dismiss was renewed, and was again overruled. No exception was taken to the action of the court in that respect, and the parties proceeded to try the cause upon its merits. As no exception was taken to the action of the court in overruling the motion to dismiss, its action in that behalf is not open for review in this court. It was

quite competent for the party to abandon his objection to the summons and submit himself to the jurisdiction of the court.

The judgment of the District Court is affirmed. The other judges concur.