PETER KEANE, Respondent, v. BARTHOLOW, LEWIS & CO., GARNISHEE, Appellant.

November 27, 1877.

| 4a 507 |
| 33a 112 |
| 4 507 |
| 41 579 |
| 4 507 |
| 45 36 |
| 4 507 |
| 67 183 |

1. The mere fact that a party has been summoned as garnishee will not confer jurisdiction upon a justice of the peace in a garnishment proceeding, and such justice cannot render judgment against the garnishee where there has been no attachment of money or property in the hands of the garnishee, and, on appeal, the record must show the fact of such attachment.

2. Where it is not shown that there has been such an attachment, the fact that, upon issues made, the justice finds "that the said garnishee does have in his possession money belonging to the defendant" will not authorize him to render judgment against the garnishee.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

BLAKEMAN & SEARLS, for appellant, cited: *Norvell* v. *Porter*, 62 Mo, 309; *Moore* v. *Whitcomb*, 48 Mo. 542; 45 Mo. 470; *Moore* v. *Hamilton*, 2 Gill, 429.

A. R. TAYLOR, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is a garnishment proceeding, brought before a jus-

tice of the peace, and the garnishee, it would appear, though it is not so alleged, is a corporation. The question raised in the case, and the only one which it is necessary to determine, is whether the justice had jurisdiction of the proceeding. On May 9, 1876, the defendant in this case was summoned as garnishee of the Cairo & St. Louis Railroad Company, by a constable, by virtue of an execution upon a judgment obtained before the justice against that company. The material issues, as made up, were these: That plaintiff affirmed and defendant denied that at the time of the service of garnishment the defendant had in its possession $2,000, money belonging to the railroad company. The defendant made default. "The justice finds that the said garnishee does have in its possession money belonging to the defendant, of the value of several thousand dollars; it was therefore adjudged by the justice that the plaintiff recover of the said garnishee the debt due on said *alias* execution, to wit, $225.61, and the sum of $7.80 for costs," etc. This is the entry upon the docket of the justice. On the trial in the court below, the justice's judgment was affirmed; and the defendant appealed.

It is now contended by the appellant that it does not appear from the record, and did not on judgment being rendered in the court below, that the justice had jurisdiction, or that there was any attachment of money or property in the garnishee's hands. As garnishment is a species of attachment, the property must, as in cases of simple attachment, be seized and held, not necessarily by manual seizure, but by something which the law recognizes as equivalent. The proceeding is *quasi in rem*, and the garnishee is liable only by reason of the property or credit which he holds. In this case, however, there was no question of attaching a credit, as such, for that was not the issue, but of money said to be in possession of the garnishee, belonging to the execution defendant.

The statute (Wag. Stat. 664, sec. 2) upon the subject

of garnishment on execution provides that "the service of garnishment in such cases, and the subsequent proceedings against and in behalf of the garnishee, shall be the same as in the case of garnishment under an attachment." Under the head of "Attachment" it is provided: "When goods and chattels, money, or evidences of debt are to be attached, the officer shall take the same and keep them in his custody, if accessible; and, if not accessible, he shall declare to the person in possession thereof that he attaches the same in his hands, and summon such person as garnishee." Wag. Stat. 186. It nowhere appears, either from the docket of the justice or from any paper filed by him in the court below, that there was any service of garnishment process in the manner prescribed by this provision of the statute, unless such service may be inferred from the extract from the docket, as above given. The justice finds that the garnishee "does have in his possession money belonging to the defendant," etc. In the first place, this is not a finding on the issue submitted. The "does have" must be held to refer to the time of trial. But, under the statute, the question, in case of money or property held, is, as the prescribed interrogatory shows, as to money or property held "at the time of service of the garnishment." Wag. Stat. 668, sec. 27. But, independently of this failure to find the true issue, it is no argument to urge that because the 1st section of the statute (Wag. Stat. 664, sec. 1) directs that all persons shall be subject to garnishment who have in their possession goods, etc., and the justice finds that the garnishee does have in his possession money, etc., therefore the case is within the statute. This avoids the point, which is that on a general summons, for instance, the justice has no right to render judgment against a garnishee because of property found to be in the latter's possession. All the sections of the statute must be construed together, and force be given to each one. As by an express provision it is prescribed

how the garnishee shall be made liable for property in his hands, he is not properly made liable unless this provision is followed. Where personal property is accessible, the officer must take it manually; if not accessible, he must still take it, not manually, but in the way prescribed. As there could be no jurisdiction if the manual process were omitted where it was possible, so there can be no jurisdiction where the manual process is not possible and its prescribed substitute is omitted. In both cases it is the thing which the law pursues, and evidence of the proper pursuit and taking of it is the evidence of jurisdiction. *Norvell* v. *Porter*, 62 Mo. 309. Here the court was not one of record; the proceeding is special, and contrary to the course of the common law, and the facts giving jurisdiction should appear from the record or papers in the case.

This point as to jurisdiction was not brought to the attention of the court below. As, possibly, the defect may be cured by amendment of the justice's return, the case will not be dismissed, but the judgment reversed and the cause remanded. All the judges concur.