JOSEPH EPSTEIN, Appellant, *v.* THEODORE SALORGNE, JR., Respondent.

### December 24, 1878.

Garnishment is a proceeding *quasi in rem*, and two services are required, — one to bring the garnishee, and another to bring the property, before the court. Without these the court can acquire no jurisdiction; and the garnishee cannot dispense with the service relating to the property by appearing in answer to the summons, and in writing waiving any objection to the service prescribed by law.

APPEAL from St. Louis Circuit Court.
*Reversed and dismissed.*

DAVID GOLDSMITH, for appellant: The objection to the sufficiency of the service of the garnishment is not well taken. If there was originally ground for such objection, it was waived by the appearance, answer, and proceedings of respondent. — *Whitney* v. *Lehmer*, 26 Ind. 503; *National Bank* v. *Titsworth*, 73 Ill. 591; *Hatstat* v. *Blakeslee*, 41 Conn. 301; *Mercer* v. *Boody*, 6 Fla. 723; *Joseph* v.

*Pyle*, 2 W. Va. 449; *Pulliam* v. *Aler*, 15 Gratt. 54; *Southern Bank, etc.*, v. *McDonald*, 46 Mo. 31; *Railroad Co.* v. *Rider*, 45 Md. 24. The ruling in *Norvell* v. *Porter*, 62 Mo. 309, is inapplicable, because it has reference only to a case of attachment wherein the defendant has not been served, and has not entered a general appearance. — *Hinckley* v. *St. Anthony, etc., Co.*, 9 Minn. 55; *Hebel* v. *Insurance Co.*, 33 Mich. 400; *Tinsly* v. *Savage*, 50 Mo. 141; *Stoddard* v. *McMahon*, 35 Texas, 294. The return is only evidence of the service, and could have been amended to show proper service; the respondent's formal admission (art. 2 of agreed statement) that he was duly summoned as garnishee is equally good evidence, and as conclusive. — *Fogg* v. *Bowman*, 5 Mo. App. 579.

H. A. HAEUSSLER, for respondent: Nothing was ever attached in the garnishee's hands; and consequently the garnishee was properly discharged, no matter if he was *duly summoned* as garnishee. — *Norvell* v. *Porter*, 62 Mo. 309; *Fogg* v. *Bowman*, 5 Mo. App. 579.

HAYDEN, J., delivered the opinion of the court.

This was a garnishment proceeding before a justice of the peace. The plaintiff obtained a judgment before the justice against one Hockmuth, and upon the execution the constable returned that he had summoned Salorgne as garnishee; but the return showed no service of garnishment as required by law to hold the property or credit in the garnishee's hands. Wag. Stats., p. 664, sect. 2; p. 186, sect. 4. Interrogatories were filed and Salorgne appeared and answered, denying any indebtedness; and upon issues made up there was a trial both before the justice and upon appeal in the court below. The garnishee was discharged, has appealed, and the point is now made that there was no service of process as required by law to hold property or credits in his hands.

It has been settled by repeated decisions of this court

that it is not sufficient, under our statutes in relation to garnishment, to merely serve upon the garnishee summons to appear and answer interrogatories ; that the law contemplates and requires, both in garnishments under attachment and execution, the service of a distinct process ; and that this service is necessary in order to give jurisdiction to the court and enable it to adjudicate as to the property or credit. — *Keane* v. *Banking House*, 4 Mo. App. 507 ; *Fogg* v. *Bowman*, 5 Mo. App. 579 ; *Fenglein* v. *Railroad Co.*, *post*, p. 582 ; *Mosher* v. *Banking House*, *post*, p. 601.

It is argued that the facts that the garnishee appeared, answered, engaged in the trial, and admitted in writing that he had been " duly summoned " waived any objection to the service prescribed by the law as to the property or credit in the hands of the garnishee. The answer to this is obvious. The question is not one of waiver. Here was no service as against the owner or the property, and acts of the garnishee could not create what did not exist. In a statutory proceeding, not one, but all of the requirements of the statute must be observed. Our statute makes garnishment a proceeding *quasi in rem*, allows intervenors to claim the property in the garnishee's hands, and prescribes two services, — one to bring the garnishee, another to bring the property or credit, before the court. The garnishee has no power to dispense with that part of the statute which relates not to himself but to the property or credit. The owner of the property, whoever he may be (and the court has no right to assume at the outset that the defendant in the execution is the owner), has a right to insist that his property, whether in another person's hands or not, shall be taken only according to law. The rights of such owner, the garnishee, a mere stakeholder, cannot destroy ; nor can his voluntary acts do away with those steps which the law prescribes as necessary in order that the property may be held as against the owner. — *Schindler* v. *Smith*, 18 La. An. 476 ; *Phelps* v. *Boughton*, 27 La. An.

592; *Hebel* v. *Insurance Co.*, 33 Mich. 400; Drake on Attach., sect. 451*b*.

The garnishee may undoubtedly waive certain informalities of service, as cases cited by the appellant show; but no act of his can, in the nature of things, have the effect of causing an attachment of the right. Under our statute the summons relates to the garnishee. The service as to the property is the owner's affair, and goes to the matter of jurisdiction. Though in some cases admissions by the garnishee have been allowed to work an effect which, upon principle, they should not, these decisions do not affect the question now presented. Undoubtedly each State may prescribe what shall constitute service, and the garnishee may waive informalities which affect his own rights. But under our statute a summons to the garnishee has a distinct purpose from the other process, which is provided to hold the property or credit in his hands. This being the case, and the service as to the property availing against the owner, it would be an absurdity to allow the garnishee, who, according to the contention of the plaintiff, is an indifferent party, to dispense with the law, give jurisdiction to the court, and deprive the owner of the right which the statute secures him.

In some of the decisions cited, the distinction has not been borne in mind between cases of garnishment and cases of attachment, strictly such, where the owner of the attached property appears. But why should the acts of the garnishee bind the owner, where no owner is present, so as to deprive the latter of his legal rights? The duty of the garnishee is to favor neither party, but to let the law take its course. It is urged that the court has already jurisdiction over the defendant in the execution, and of his property. But this assumes that the court can at the outset say that the property belongs to the defendant. In fact, there is no owner before the court, and only two parties, — the plaintiff and the garnishee. Again, it has sometimes

been overlooked that the proceeding is against the property, not against the garnishee.

Where, as here, the question goes to the jurisdiction of the subject-matter, the rights of both owner and garnishee are involved. The owner's rights are not divested, for his property is not taken as required by law. On the other hand, the garnishee cannot be required to put himself in the position of allowing a judgment to go against him which will be no protection to him if he pays it. If no property has been attached in his hands, it is necessary, to preserve his own rights, that he should be allowed to set this defence up at any stage of the proceedings. The proper practice, however, is to call the attention of the trial court to the want of service at the outset, that it may not proceed to try a question that is not before it.

The judgment of the court below is reversed, and the proceeding will be dismissed. All the judges concur.