GUSTAVUS  V.  BRECHT,  Respondent,  *v.*  JOSEPHINE  A. CORBY,  EXECUTRIX,  Appellant.

### June 3, 1879.

1. The return of a constable cannot be questioned collaterally.

2. That only is the return of an officer to which he signs his name when he returns the writ.

3. After the writ has been returned, a returning-officer has no right to amend his return to initiatory process so as to make it show what he may consider to be the truth of the case.

4. Where there are two writings in the form of a return, inconsistent with each other, each signed by the officer, but one of which is crossed out by an ink line drawn through it, testimony as to which writing was upon the writ when returned is admissible.

5. A return can be amended by leave of court, but amendments should be permitted only upon affidavit, and not then where the officer depends upon his memory alone after the lapse of months.

6. In garnishment, the return of the officer must show that the property was attached in the garnishee's hands, or the court obtains no jurisdiction as to the *res.*

7. An action of garnishment abates upon the death of the garnishee, and cannot be revived against his administrator, — not even by appearance and stipulation of the administrator.

APPEAL  from St. Louis Circuit Court.
*Reversed and dismissed.*

THOROUGHMAN & WARREN, for appellant : Testimony as to which of two writings indorsed upon a writ is the officer's return is admissible. — Freem. on Ex., sects. 353, 358, 366, and cases cited ; Gwynne on Sheriffs, 452 ; Dalton on Sheriffs, 188, 189. Property must be attached in the garnishee's hands. — *Norvell* v. *Porter*, 62 Mo. 311 ; *Keane* v. *Banking House*, 4 Mo. App. 507. An executor is not liable to garnishment prior to the order of distribution. — Wag. Stats. 664, sect. 3 ; Drake on Attach., sect. 494–497 ; Freem. on Ex., sect. 131. In garnishment, the action abates upon the garnishee's death. — *Tate* v. *Morehead*, 65 N. C. 681 ;· *Cushing* v. *Robertson*, 10 Mo. 374.

CASTLEMAN & LAUGHLIN, for respondent : " The return of a constable cannot be collaterally questioned, but is conclusive upon the parties to the suit." — *Reeves* v. *Reeves*, 33 Mo. 28. Return may be amended. — *Corty* v. *Burns*, 36 Mo. 194.

BAKEWELL, J., delivered the opinion of the court.

Brecht recovered judgment before a justice against one Aldrich. Francis P. Corby was summoned as garnishee on execution. After an amended answer had been filed in the Circuit Court, Corby died, and the action was revived in the name of his executrix. On trial, a verdict was rendered that at the time of the garnishment Corby had in his hands property belonging to the defendant in the execution, worth $1,500 ; whereupon the court made an order that the executrix turn over the property described in the verdict to the sheriff; and the executrix failing to comply with the order, judgment was entered in favor of the plaintiff against the executrix and the surety on the appeal bond, for the amount of the original judgment, with interest and costs.

On the trial, the plaintiff offered in evidence the execution and the return of the constable. On the back of the execution appeared the following written matter : " Executed this writ in St. Louis Township, the 7th day of October,

1875, by summoning as garnishee Francis P. Corby & Co., and by delivering a writ of garnishee summons to Francis P. Corby, a member of the above-named firm, to appear before Justice John M. Young on the 20th day of October, 1875, to answer such questions as may be propounded to him touching the indebtedness of said firm to the defendant herein. Thomas C. Lidwell, constable. No goods or chattels of the defendant herein found whereupon to levy this writ to make this debt or costs, or any part thereof. Done in St. Louis Township, this 19th day of November, 1875. Thomas C. Lidwell, constable ; J. J. McGarry, dep.''

This writing was crossed out, two lines crossing each other being drawn in ink across its face. Underneath it was written what the plaintiff claims to be, and introduced as, the return to the writ, in the following words.: '' Executed this writ in St. Louis Township, in St. Louis County, on the 7th day of October, 1875, by summoning as a garnishee herein Francis P. Corby, by delivering to him a written notice of such garnishment, requiring him as such garnishee to appear before the within named justice, John M. Young, at his office in said township, on the 21st day of October, 1875, then and there to answer such interrogatories as may be propounded to him touching his indebtedness to the defendant, Nathan E. Aldrich ; further, by declaring to said Corby that I did levy upon and attach all moneys, goods, or effects, rights of action, and other property in his hands or possession, or under his control, belonging to said defendant, or in which he had any interest, and also all debts due, owing, or belonging to said defendant. No goods or chattels herein found whereupon to levy this writ, or make this debt or costs or any part thereof. Done in St. Louis Township, this 19th day of November, 1875. Thomas C. Lidwell, constable ; per Thomas Hand, deputy.''

The defendant objected that it did not appear that what purported to be a return was made by an officer. The attorney of the plaintiff was then put on the stand, and

proved that the name " Thomas Hand " was written by the man who bore that name, and that he was, and for five years had been, a deputy of Lidwell. The defendant's counsel then asked permission to interrogate the witness as to when the return was written. All further testimony in the matter was excluded, at the instance of the plaintiff, on the ground that it was incompetent to impeach the return. The witness was then asked whether he had seen the writ after its return to the justice, with the return signed by McGarry, deputy, then upon it, and whether the signature of McGarry was· written by him, and whether he was a deputy of Lidwell at the time. The questions were objected to, and the objection sustained. The defendant's counsel offered an affidavit of surprise, and asked for a continuance. The motion was overruled. The execution and return signed by Hand were then admitted, against the objection of the defendant, who insisted that the return of Hand was incompetent for the reason that the defaced return of McGarry was unexplained, and that there was no evidence of the authenticity or date of the Hand return, and that the latter was not written upon the execution itself, but upon a paper attached to the execution.

McGarry was afterwards put on the stand as a witness for the defendant. He testified that he and Hand were, and for five years past had been, deputies of Lidwell. He was asked as to handwriting to the first return ; as to where and how it was obliterated ; as to when the second return was appended ; as to whether he ever· made any return on the execution ; as to the handwriting of the two returns. The questions were objected to, and the objections sustained. The defendant then offered to prove by the witness that he was deputy of Lidwell on October 7, 1875 ; that the execution was delivered to him, and that he made the return crossed out, and returned the execution with that return on it to the justice ; that afterwards, without his knowledge or consent, some person made the cross lines over the face

of that return; that the return thus crossed out was the true return; and that the return signed by Hand was indorsed on the execution and signed by Hand, as deputy, within forty-eight hours next preceding the date at which these questions were asked. The testimony was objected to, and the objection sustained. The defendant offered to prove and offer in evidence the first return, and this offer was rejected, on the plaintiff's objection.

The return of a constable cannot be questioned collaterally. It is conclusive upon the parties to the suit. And if the return is false, the remedy is against the officer. The question here was not, Was the return true or false? but, Which of the two writings upon the back of the writ was the return of the officer? What is the return of the officer? It is that only to which he signs his name when he returns the writ. Anything else which appears on the paper is no part of the return. *Windle* v. *Ricardo*, 1 Brod. & B. 17. Now, here were two writings in the form of a return, both signed by the officer, both stating what he had done. They are utterly inconsistent with each other. One shows that the constable attached the chattels of the defendant in the hands of the garnishee; the other return shows nothing which would give the justice jurisdiction over any property of the defendant, or authorize a judgment against the garnishee. The fact that somebody had drawn an ink-line over the first written return did not make it less the return of the constable, if it ever was his return. The defendant did not offer to impeach the return of the constable. He asked to be allowed to show that the constable had made a return, and that the crossed writing was the return that the constable had made; and that within a few hours of the trial, somebody — the constable or his deputy — had tampered with the records of the Circuit Court by drawing an ink-line through the return on the execution sent up with the transcript from the justice's office and on file in the Circuit Court, and by adding to the paper a writing, in the form of

a return, being the writing then offered in evidence as the true return of the officer. This did not tend to impeach the return, and it should have been allowed.

A returning-officer has not, at any time after the return of the writ, a right to amend his return to initiatory process, so as to make it show what he, may regard as the truth of the case. *The State ex rel.* v. *St. Louis*, 67 Mo. 117; Wag. Stats. 1027, sect. 21. An amendment may be made, by leave of court, where a proper case is made out. But the power to make this amendment does not depend upon the official character of the person making it; for it may be made after his term has expired, or after the office has ceased to exist. The amendment can only be made by leave of court; and such applications are granted with great caution, and should be denied when the officer trusts merely to memory, and, after the lapse of months, asks to change the whole effect of his proceedings by adding to his return a statement which, if untrue, cannot be disproved, and as to a fact which is not likely to have impressed his memory. Nor should the amendment be permitted without affidavits to support it. *Fogg* v. *Bowman*, 5 Mo. App. 579; *Mosher* v. *Banking House*, 6 Mo. App. 599; *Eptein* v. *Salorgne*, 6 Mo. App. 352. This second writing, if made by the constable or his deputy without leave, after the papers were in the Circuit Court and after the first return, would not be the return of the officer, and would not be an amended return. The fact that a man is a constable or a deputy-constable gives him no right whatever to write anything that he chooses on a writ that has left his hands and forms part of a justice's transcript filed in the Circuit Court, and to call it his return to the writ. If the fact was as the counsel for the defendant offered to show, the return offered in evidence was no return, and the writing crossed out was the return of the officer, and showed that the justice had no jurisdiction, and that the Circuit Court had no jurisdiction as to the *res*. This was necessarily fatal to the proceed-

ing, as the action is not against the garnishee, but against the property in his hands. *Keane* v. *Banking House*, 4 Mo. App. 507.

The proceeding in garnishment is against the property, not against the garnishee. If the garnishee dies after summons, he ceases to be the custodian of the property; and if it is desired to reach the property, it would seem that a new summons should issue against the actual custodian as such. If the garnishee, during his lifetime, after summons and attachment of the property in his hands, were to deliver specific chattels of the debtor to the owner, or to any one else, he might make himself liable. Nevertheless, the attachment of the goods in his hands does not create a lien upon them in favor of the execution creditor.

There is no finding, no proof, and no pretence that the executrix ever had any of this property in her possession or under her control. The issue was whether Corby had it when summoned; and it was found that he had. Thereupon the court orders the executrix, who did not have it, and who does not appear to have ever had it, to turn the property over to the sheriff; and because she refuses or neglects to obey this order, judgment goes against her for the debt. But why? She cannot be individually liable as executrix unless the property belonged to Corby's estate, and has been lost to the estate by her laches or misfeasance; and then her liability is to the estate of Corby, and cannot be established in this proceeding, which goes on the theory that this property does not belong to Corby. The estate of Corby is not to be made liable to this particular judgment creditor for any claim he may have against it, except *pro rata* according to the order of distribution established by the administration law.

The truth is that the action abated upon the death of Corby, and did not survive against his legal representatives. The statute provides (Wag. Stats. 1049, sect. 1) that no action shall abate if the cause of action survive. What causes of action survive is shown by sect. 27, art. 2, of the

administration law (Wag. Stats. 87), which provides that the administrator shall defend all actions commenced against the deceased at the time of his death, and which might have been prosecuted against his administrator. This action is not one that might be prosecuted against the administrator. The interrogatories to the garnishee are to be answered on oath. How is the administrator to purge himself on oath as to a matter within the personal knowledge of his intestate or testator, but as to which he can know nothing? Whether the deceased was indebted to, or had in his hands property of, the debtor, and how much and what, is a matter which the administrator is not to determine; and if he undertakes to do so, he may make himself liable for waste. Besides, the interrogatories addressed to the garnishee would be, not as to indebtedness of the deceased, but as to indebtedness of the actual garnishee, who, if the debt was one of his testator or intestate, owes nothing to the judgment creditor in attachment individually, and can owe nothing as executor until the demand is allowed and an order of payment made in the Probate Court. *Tate* v. *Morehead*, 65 N. C. 682.

For the error committed in refusing to admit testimony as to the return, the judgment should be reversed; but as we are of opinion that the action could not be prosecuted against the legal representatives of the deceased garnishee, it is useless to remand the cause.

The fact that the appearance of the executrix was entered, and the cause revived against her by stipulation, is immaterial. No judgment can be rendered against the estate by consent, to give the plaintiff a preference to which he is not entitled by law. The executrix, of course, is not consenting to any improper judgment against the estate. She would be liable for waste if she did. It is not pretended that she ought to be made personally liable. It remains that the judgment must be reversed and the cause dismissed. It is so ordered. All the judges concur.