G. B. VAUGHN, Respondent, v. MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

### March 17, 1885.

1. JUSTICES — JURISDICTION — STATEMENT — RAILROADS — DAMAGES — KILLING STOCK.—In an action before a justice of the peace, for damages against a railroad company for the killing of stock, the statement must show, in addition to other jurisdictional facts, that the animal was killed in the same township in which the justice is a justice or in an adjoining township.

2.—A statement that the railroad company failed to maintain a fastening upon a gate in the line of its fence is insufficient without a further allegation that the gate was at a point where the company was required to maintain a fence.

3.—AMENDMENTS ON APPEAL. —Jurisdictional defects in a statement before a justice of the peace may be amended on appeal to the circuit court.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Reversed and remanded.*

G. PITMAN SMITH, for the appellant.

MITCHELL & HAWKEN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

It is recited in the bill of exceptions that the defendant's motions for new trial and in arrest of judgment were filed within four days after verdict and judgment; but the record affirmatively shows that the verdict and judgment were rendered on the 23rd of June, 1884, and that the motions for new trial and in arrest of judgment were filed on the 30th day of August, 1884. These motions were not, therefore, "made within four days after the trial," as required by the statute.—Rev. Stat. sect. 3707. It follows, upon a well settled rule of procedure, that we can consider nothing except what appears on the face of the record proper.

The case was before this court on a former appeal (15 Mo. App. 598), and we reversed the judgment which the plaintiff had obtained and remanded the cause because there was no substantial evidence on several material points to support the judgment. The cause was again tried in the circuit court, before the court sitting as a jury, and has again resulted in a verdict and judgment for the plaintiff. On the former hearing in this court, two points were distinctly made by the appellant and pressed upon our attention : 1. That the justice's transcript failed to show jurisdiction of the cause of action ; 2. That it failed to state a cause of action.

1. In the opinion of this court it was said : "The action for injury to cattle is local, the jurisdiction of the justice being confined to such injuries as arise in his township. It is shown by the statement filed with the justice that he is a justice of the peace of Merrimac township ; but there is nothing whatever in the evidence from which it can be gathered that the injury to the mule occurred in that township. This, on the authority of *State* v. *Metzger* (26 Mo. 65); *Iba* v. *Railroad Company* (45 Mo. 475); and other cases, is fatal." The language quoted above is not strictly correct in its application to the present statute relating to the jurisdiction of justices

of the peace. This statute provides: "Any action against a railroad company for killing or injuring horses, mules, cattle, or other animals, shall be brought before a justice of the peace of the township in which the injury happened, or any adjoining township."—Rev. Stat. sect. 2839, clause 5. In the case of *Iba* v. *Hannibal & C. R. Co.* (45 Mo. 469, 475), it was held not to be sufficient in an action against a railroad company for killing animals commenced before a justice of the peace, that it might be gathered from the evidence that the injury occurred in the township of which the justice before whom the action was brought was a justice, but that the record proper, must show the fact. We regret to find, upon an examination of the record proper in this case, that it nowhere shows that the mule, for the killing of which this action was brought, was killed either within Merrimac township, of which township the justice of the peace before whom this action was brought, was a justice, or that it was killed in an adjoining township. It does show that the defective gate in the defendant's fence, through which the plaintiff's mule strayed upon the defendant's railroad, was situated in Merrimac township; but it nowhere shows in what township the mule was killed. No doubt it would be a somewhat strained presumption that the animal had wandered beyond the limits of an adjoining township before being run over by the defendant's train, as alleged. But, on the authority of the case just cited and that of *State* v. *Metzger* (26 Mo. 65), we do not see any escape from the conclusion that the defendant is entitled to judgment, on the ground that the justice's transcript fails to show jurisdiction of the cause of action, unless the defect can be cured by amendment.

2. The cause of action is stated thus: That the defendant, "while so operating said railroad did so fail or neglect to maintain any latch, hook, or other fastening upon a gate, prior thereto erected and maintained by defendant in the line of said railroad's fence, at a necessary farm crossing on said railroad, in said Merrimac

township, about one-half mile east of Eureka, a station thereon; that by reason of such neglect and failure to so maintain any latch, hook, or other fastening upon said gate, a certain mule, the property of plaintiff, of the value of $180, did stray through said gate in and upon said railroad track, and was thereupon run over and so maimed and crippled by the engine and cars, there run and operated by defendant's agents, as to require said mule to be killed," &c. Under this statement of claim the court found a verdict for the damages claimed, to-wit: $150, and doubled such damages in its judgment. If the judgment could be sustained at all, it would be upon the ground that the action is a statutory action, brought under section 809, Revised Statutes; and the case was so considered by this court on the former appeal. This section requires railroad companies to "erect and maintain lawful fences on the sides of the road where the same passes through, along, or adjoining enclosed or cultivated fields, or unenclosed lands, with openings and gates therein to be hung and have latches or hooks, so that they may be easily opened and shut, at all necessary farm crossings of the road, for the use of the proprietors or owners of the land adjoining such railroad"; and makes the railroad liable for damages which may be done to horses, cattle, mules, and other animals "escaping from or coming upon said lands, fields, or enclosures," occasioned by the neglect of this duty. Our supreme court has held that in actions commenced before justices of the peace for the killing by railroad companies of domestic animals, which have strayed upon their tracks in consequence of a neglect of the company to erect and maintain lawful fences as required by this statute, it is necessary to state in some form or other, that the place where the particular animal strayed upon the track was a place where the company was required by law to maintain such a fence.—*Davis v. Missouri & C. R. Co.*, 65 Mo. 441; *Bates v. St. Louis & C. R. Co.*, 74 Mo. 60. Here it is alleged that the defendant failed "to maintain any latch, hook, or other fastening upon a gate which the defendant had pre-

viously erected and maintained in the line of said railroad's fence at a necessary farm crossing on said railroad "; but it does not state any facts which show that the defendant was bound to maintain the fence itself, of which the gate formed a part. The mere fact that the defendant had erected the gate, and erected it in a fence belonging to its railroad, and that the gate was at a necessary farm crossing, does not show that the gate was erected at a place where the railroad company was required by law to maintain a fence on the side of its road. It does not show that it was at a place where its road passed through, along, or adjoining enclosed or cultivated fields, or unenclosed land. On this ground, also, the defendant is entitled to judgment, unless the defect is amendable.

We regret that we feel constrained, in deference to decisions of the supreme court, to reverse this judgment, and because of defects appearing on the face of the record proper which were called to the attention of the court at the former hearing, and which should have been disposed of in the same way then. But the defendant is entitled to insist upon these objections. Neither of them has been waived, and the first one, relating to the jurisdiction of the justice over the subject matter, could not be waived. Whilst this is so, it is matter for congratulation that our law is no longer in such a state as to produce a failure of justice because of such defects in statements in proceedings before justices of the peace. Under section 3060, Revised Statutes, such statements may be amended in the circuit court so as to supply any deficiency or omission therein.—*King* v. *Chicago & C. R. Co.*, 79 Mo. 328. We have felt some difficulty upon the question whether the first defect above pointed out, which is purely jurisdictional, could be cured by amendment; but this court has held that the power of amendment in the circuit court in proceedings appealed from justices of the peace extends even to the supplying of jurisdictional defects.—*Branahl* v. *Watson*, 11 Mo. App. 587; s. c., 13 Mo. App. 596; *Keane* v. *Bartholow*, 4 Mo. App. 507–510; *Brecht* v. *Corby*, 7 Mo. App. 300, 305. As the above defects may possibly be

cured by amendment in the circuit court, we shall not render judgment here, but we reverse the judgment and remand the cause. It is so ordered. All the judges concur.