DAVID A. CREASON, Respondent, v. THE WABASH, ST. LOUIS & PACIFIC RY. CO., Appellant.

### March 23, 1885.

1. JURISDICTION OF JUSTICES OF THE PEACE—CONSTRUCTION OF SECTIONS 2835 AND 2839.—In construing section 2835 and the *fifth* subdivision of section 2839 of the Revised Statutes, the court *holds:* That taking the two sections together the jurisdiction of justices of the peace *in actions against railroad companies* to recover damages for killing or injuring horses * * or other animals, is *still local,* with the locality in which the jurisdiction is exercised

extended so as to include any township adjoining the township in which the horses, etc., may be injured, etc., and *no further*; that this jurisdiction, as thus extended, is still purely and entirely local, "without regard to the value of such animals or the amount claimed for killing or injuring the same."—Following *Iba* v. *R. R. Co.*, 45 Mo. 475.

2. SAME.—"ADJOINING TOWNSHIPS," AS USED IN SECTION 2839 AFORESAID, CONSTRUED.—As to the words, "any adjoining township," as used in section 2839 of said act, the court *holds*: That the meaning and intention of these words is an adjoining township in *the same county only*.

APPEAL from Livingston Circuit Court, JAMES M. DAVIS, Judge.

*Reversed.*

Statement of case by the court:

This action was instituted before a justice of the peace, in Grand River township, Livingston county, Missouri, to recover the sum of $98.00 damages, as follows:

For killing one cow, August 25th, 1881 . . . $18 00
For killing one steer, August 27th, 1881 . . . 50 00
For killing one cow, September 12th, 1881 . . . 30 00
                                                 ———
        Total . . . . . . . . . . . . . . . . . $98 00

That portion of the complaint which attempted to confer jurisdiction upon the justice, was as follows:

"The station of Bedford is situated at a point where the townships of Grand River and Wheeling, in Livingston county, and Parsons Creek township, in Linn county, join each other severally; but in which of said townships said cattle, as above described, to wit: one cow, one steer, and one cow, were killed, plaintiff is unable to state; but plaintiff verily believes, and charges the same to be true, that each and all of said cattle, as above described, were killed within the switch limits of Bedford station, but in which of the aforesaid townships plaintiff is unable definitely to state. But plaintiff states, and charges the same to be true, that it was within one or the

other of said townships that the cattle were killed as aforesaid."

There was a judgment by default, before the justice, against defendant for the amount sued for. Defendant perfected its appeal to the circuit court of Livingston county and the cause was there tried before the court sitting as a jury, upon the same complaint above set forth.

At the trial in the circuit court, defendant objected to the introduction of any evidence, for the reason that the complaint filed failed to state facts sufficient to constitute a cause of action. The court overruled the objection and defendant excepted.

The only evidence in the case was introduced by plaintiff. There were several witnesses for plaintiff, the plaintiff himself being one.

The plaintiff testified that he was the owner of the animals sued for and that their value was as stated in the complaint, and that at the time stated he found the carcasses of these animals on the defendant's track in the switch limits of Bedford station, near that depot. He also stated, against defendant's objection, that he did not know which county the cattle were killed in, but either in Grand River township or Wheeling township, in Livingston county, or Parsons Creek township in Linn county, Missouri. These townships join each other severally.

At the close of the testimony the defendant asked an instruction to the effect that plaintiff was not entitled to recover. The court refused such instruction and defendant excepted.

Under the view of this case taken by us we deem the foregoing statement sufficient.

GEORGE S. GROVER, for the appellant.

I. The justice of the peace had no jurisdiction of the cause. It is well settled that in courts of inferior or limited power, such as justices of the peace, the jurisdiction must appear somewhere on the face of the proceedings, otherwise their acts are void.—*Haggard* v. *A. & P.*

*R. R.*, 63 Mo. 302. The jurisdiction of justice of peace is co-extensive with the *county for which he shall be elected or appointed.*—Sect. 2838, Rev. Stat. Unless it appears in the pleadings that the injury was inflicted in such territory no valid judgment can be rendered by such justice, or by the circuit court on appeal. Here the statement was that the killing was in one of two counties, Linn or Livingston.

II.   The court admitted incompetent testimony. This, being only to the effect that the killing was in one county or the other, was incompetent for two reasons: 1. Because it did not fix or establish the jurisdiction over the subject matter of the suit. 2. Because under sections 7437 and 7438 of the statute (Rev. Stat.) the boundaries of townships are matters of record; and matters of record cannot be proved by parol evidence.— *Wyane* v. *Aubuchon*, 23 Mo. 30; *Bruckett* v. *Bruckett*, 61 Mo. 221; *Mobly* v. *Nare*, 67 Mo. 546.

III.   No negligence was proven, and therefore plaintiff was not entitled to recover. There was no testimony in the case which even tended to prove the material averments of the statement. There is a clear distinction between the Crafton case (*Crafton* v. *R. R.*, 55 Mo. 580) and the case at bar. In the cases following, the facts and failure of proof are much the same, as in this case: *Schooling* v. *R. R.* (75 Mo. 518); *Braxton* v. *R. R.* (77 Mo. 455).

No brief on file for respondent.

Opinion by HALL, Judge.

I.

Section 2835 of the Revised Statutes seems to correspond to and to have taken the place of sections 2 and 3 of chapter 177 of the Revised Statutes of 1865. The provisions of old sections 2 and 3 have been condensed and somewhat modified in new section 2835; but the following provisions of old section 3: "Fifth, in all actions against any railroad company in this state, to recover damages for the killing, *crippling*, or injury of horses,

mules, cattle or other animals within their respective townships, without regard to the value of such animals or the amount of damages claimed for killing, crippling, or injuring the same," have been, literally word for word, continued in the new section 2835, except with these differences only, that the words "fifth" and "crippling" in the old section have been left out of the new section; and that instead of the proposition "in" used in the old section at the begining thereof, next to the word "fifth," the preposition "of" is used in the new section.    In other words the provisions of the old sections and the new section are the same.

Section 2839 of the Revised Statutes corresponds to section 6 or chapter 177 of the Revised Statutes of 1865. The new section 2839 is identical with the old section, except that to the provisions of the latter there is added in the new section the following: "And fifth, any action against a railroad company for killing or injuring horses, mules, cattle, or other animals, shall be brought before a justice of the peace of the township in which the injury happened, *or any adjoining township*."

It is contended by plaintiff that by section 2835 of the Revised Statutes, justices of the peace have general jurisdiction of all actions against railroad companies for killing or injuring horses, etc., when the amount claimed does not exceed one hundred and fifty dollars, and that only of said cases in which the amount claimed exceeds one hundred and fifty dollars, have justices of the peace local jurisdiction, confined to the townships in which the horses, etc., are killed, etc.

This contention by plaintiff, in our opinion, is not well founded.    The fact that many of the provisions of said sections 2 and 3 of the Statutes of 1865 have been changed and modified in the new section 2835 of the Revised Statutes, and that the provisions above set out, of old section 3 are contained in the new section, would of itself go far toward establishing the intention of the law-making power to continue those provisions unchanged as to their meaning as well as to their language, and to continue them as old law and not as a new enactment.

By virtue of section 3160 of the Revised Statutes, these provisions thus retained in the new section, are not a new enactment, but are the old law continued in force. —*Bishop* v. *Schneider et al.*, 46 Mo. 482.

Even "a change of phraseology in a revision will not be regarded as altering the law where it had been well settled by plain language in the statutes or by judicial construction thereof, unless it is clear that such was the intent."—Sedgwick on the Construction of Statutes, p. 229; *Hughes* v. *Farrer*, 45 Me. 72; *Burnham* v. *Stevens*, 33 N. H. 247; *Onerfield* v. *Sutton*, 1 Metc. (Ky.) 621.

And besides "the sections of a former statute being separated and scattered by a revision, are still to have the same construction as before."—Sedgwick on Construction of Statutes, p. 229; *Smith* v. *Smith*, 19 Wis. 522.

These provisions having been construed by the Supreme Court of this state prior to the revision of 1879 it must be held that, being retained in the revision of 1879, they were continued as the old provisions with the construction theretofore placed upon them by the Supreme Court.

And this provision is fortified by section 1102 of the Revised Statutes, which is as follows : "The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows :  *  *  * third, concurrent original jurisdiction with justices of the peace in all civil actions and proceedings for the recovery of money  *  *  * when the sum demanded, exclusive of interest and costs, shall exceed fifty dollars and does not exceed one hundred and fifty dollars ; and of *all actions* against any railroad company in this state to recover damages for the killing, etc., without regard to the value of such animals or the amount claimed, etc."

The construction made of the old provisions by the Supreme Court is "that in actions for injuries to cattle, etc., the justice's jurisdiction is confined in such as 'arise within their respective townships', thus making it a local action."—*Iba* v. *R. R. Co.*, 45 Mo. 475.

To the same effect is *Haggard* v. *R. R. Co.* (62 Mo.

303). But it is argued by plaintiff that his construction of section 2835 is enforced by the 5th subdivision of section 2839 of the Revised Statutes above quoted. We do not so think. To give effect to the quoted portions of the two sections 2835 and 2839 is somewhat difficult. But we think that it can be done, and be done without so construing the said provisions of section 2835 as to confer thereby upon justices of the peace general, instead of local, jurisdiction in actions like the present action. To give any effect whatever to the 5th subdivision of section 2839 it is necessary to hold that by it the said provisions of section 2839 are, to a certain extent, changed and modified. And we do so hold. But we do not hold that those provisions of section 2835 are repealed, or that they are entirely altered and changed by the said 5th subdivision of section 2833. We hold that, taking the two sections together, the jurisdiction of justices of the peace in such actions is still local, with the locality in which to exercise the jurisdiction extended so as to include any township adjoining the township in which the horses, etc., may be injured, etc., and no further. We further hold that this jurisdiction as thus extended is still purely and entirely local, "without regard to the value of such animals or to the amount claimed for killing or injuring the same."

As to whether "any adjoining township" as used in section 2839 means an adjoining township in the same county only in which the horses, etc., are injured, etc., or in any other county, we are clearly of the opinion that an adjoining township as intended is an adjoining township in the same county only.

In addition to what we have already said in support of this opinion, we have this to say: There is nothing whatever in section 2839 directly or indirectly referring to any other county than the county in which the injury may occur. It will not do to say that other counties are included within the meaning of said section, because they are not expressly or by necessary implication excluded. Jurisdiction of justices of the peace must be

be given by statute. It cannot be maintained that justices of the peace have jurisdiction because it is not denied them by statute. And besides other counties are by the language of section 2839 impliedly excluded from its meaning.

We are, therefore, of the opinion that the circuit court should have sustained defendant's objection to the introduction of any evidence by the plaintiff, for the reason that the statement failed to state facts sufficient to constitute a cause of action; and that the said court should have given the instruction asked by defendant, directing the jury to find for defendant.

The judgment of the circuit court is reversed. All concur.