C. M. DUNN, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 27, 1891.

1. **Garnishment:** EXECUTION AND ATTACHMENT: JUSTICES' COURTS. The effect and proceedings of garnishment are the same in this state, whether it is under execution or writ of attachment, and attachment proceedings before justices are required to conform with proceedings in the circuit court as near as possible, unless otherwise provided.

2.  ———— : RETURN OF SERVICE : JURISDICTION. If the return of the officer serving the garnishment does not show that the officer declared to garnishee that he attached in his hands all debts due from him to the defendant, or so much thereof as shall be sufficient to satisfy the debt, etc., it confers no rightful; jurisdiction upon the court to make an order for payment, which would bind the credits of the debtor in the hands of the garnishee.

3.  ———— : SERVICE ON RAILWAY COMPANY: JURISDICTION : PAYMENT. Where return of service of garnishment upon a railroad corporation fails to show that service was had upon the nearest freight or station agent of such company, it authorizes no judgment against the garnishee, and constitutes no bar to the payment by the garnishee of the debt to its debtor ; and a payment by the garnishee to the plaintiff in the garnishment under the order of the court would not be compulsory, but voluntary in its character.

4.  Subrogation : GARNISHEE PAYING ON VOID ORDER NOT ENTITLED TO. A person advancing money to pay a debt not his own is not entitled to be subrogated to the rights of the creditor, unless the party paying was surety, or compelled to pay to protect his own rights, or there was an agreement to that effect with the creditor ; and so a garnishee, who pays under a void judgment, cannot be subrogated to the rights of the plaintiff in the garnishment.

5.  ———— : GARNISHEE PAYING EXEMPT DEBT. Where the debt due from the garnishee to the defendant in the garnishment is exempt, as, for instance, wages for the last thirty days, its payment under order of the court to the plaintiff in the garnishment will not entitle the garnishee to subrogation.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*H. S. Priest* and *H. G. Herbel*, for appellant.

(1) There is a marked and radical distinction between a garnishment on execution and a garnishment on attachment.   Drake on Attachment [6 Ed.] secs. 692, 693; *Railroad v. Alvey*, 43 Ind. 180. In the former case, the garnishment process is a mere auxiliary remedy for the collection of a debt already reduced to judgment, and in which the debtor and creditor are already subject to the jurisdiction of the court, and

wherein the debtor is chargeable with notice of every step taken in the case until the judgment against him is satisfied. In the latter case, the court acquires its jurisdiction over the debt sought to be impounded by the attachment thereof in the manner prescribed by law, and is an original proceeding, which affects only the debt attached. Hence, the jurisdiction of a court over a debt in a garnishment by attachment is dependent entirely upon a strict compliance with the statutory requirements. If the service is not in strict conformity therewith, no jurisdiction attaches. In the case of a garnishment on attachment, the neglect of a garnishee to challenge a defective service on it results in giving the court jurisdiction over a debt which it would not otherwise have had. And of this the defendant in the attachment might well complain, as it enlarges his creditor's remedies against him. But, in the case of a garnishment on execution, no such consequences follow, as the court, by virtue of its jurisdiction over the person of the defendant in the execution, has jurisdiction over all his property, subject to execution within its territorial limits ; hence, the garnishee's neglect to take advantage of a defective service on it of the garnishment process does not confer jurisdiction on the court over any property of the execution defendant which was not already subject to its jurisdiction. To take advantage of such a defect is a mere personal privilege of the garnishee, as a failure to do so simply results in giving the court jurisdiction over its person. *Barry v. Hogan*, 110 Mass. 209. Hence, the execution defendant cannot be heard to complain of the garnishee's waiver of this privilege, the exercise of which would only have resulted in an amendment of the constable's return in such a manner as to cure the defect. ( 2 ) Moreover, these garnishment proceedings, even if held irregular and void, constituted a valid defense to plaintiff's action, as the garnishee, by paying the money into court, satisfied the debt due from plaintiff

to his execution creditor, Cooley, and it was thereby subrogated to Cooley's rights in the judgment on which the execution was issued by operation of law. *McLean v. Martin*, 45 Mo. 399 ; *Staples v. Fox*, 45 Miss. 667 ; *Wells v. Lincoln Co.*, 80 Mo. 424. It would certainly be grossly inequitable and unjust to affirm this judgment, and thereby require defendant to again pay a debt which plaintiff has already, in legal contemplation, received by its payment to his judgment creditor, Cooley. Having received the benefit of the payment, he should be estopped from denying its validity.

*George Bird*, for respondent.

(1) Garnishment is a proceeding *quasi in rem*, and two services are required—one to bring the garnishee, and another to bring the property before the court ; without these the court can acquire no jurisdiction, and the garnishee cannot dispense with the service relating to the property by appearing in answer to the summons, and waiving any objections to the service prescribed by law.. *Epstein v. Salorgne*, 6 Mo. App. 352 ; *Gates v. Tusten*, 89 Mo. 13; *Connor v. Pope*, 18 Mo. App. 86 ; *Swallow v. Duncan*, 18 Mo. App. 622 ; *Fletcher v. Wear*, 81 Mo. 524 ; *Haley v. Railroad*, 80 Mo. 112 ; *Norvell v. Porter*, 62 Mo. 309 ; *Mangold v. Dooley*, 89 Mo. 111 ; *Masterson v. Railroad*, 20 Mo. App. 653. (2) The proceeding in garnishment is the same, whether by attachment or execution. R. S. 1889, sec. 5219 ; *Pritchard v. Toole*, 53 Mo. 356. (3) No one can, without a special request to do so, pay another person's debt, and then charge him therefor. *Schmidt v. Smith*, 57 Mo. 135 ; *Handline v. Morgan Co.*, 57 Mo. 114 ; *Price v. Ins. Co.*, 3 Mo. App. 262. (4) Garnishment is essentially a legal proceeding, and not adapted to the ascertainment and settlement of equitable rights between the garnishee and the defendant, and no power exists in the court, on such a proceeding, to invoke

equitable interference to compel a settlement and adjustment of accounts between other parties. *Lackland v. Garesche*, 56 Mo. 267 ; *Sheedy v. Second*, 62 Mo. 17.

SMITH, P. J.—This was a suit commenced before a justice of the peace of Cass county, by the plaintiff against the defendant, to recover the sum of $56.06 for forty-two days' work performed for defendant, between the twenty-seventh day of February and the ninth of March, 1889, at $40 per month. The case was removed by appeal to the circuit court, where there was a trial *de novo*. It was admitted at the trial, "that the amount owing plaintiff by defendant for his wages was $54.15, earned in March and April, 1889. The defendant claimed that it was exempt from liability to plaintiff for his wages, on the ground that it had been garnished, and adjudged to pay the sum of $39.75 on an execution issued by a justice of the peace in a certain judgment in favor of J. D. Cooley against the plaintiff, Dunn. The record of the proceedings had before the justice of the peace in said suit, in which judgment was rendered and said execution was issued, and defendant had been garnished, was introduced in evidence. The return of the service of the summons to the garnishee was as follows :

"I hereby certify that I delivered a true copy of the within summons to Ed. A. Gowdy, in his office at station of Pleasant Hill, Missouri Pacific Railway Company, on the eleventh day of April, 1889, in the city of Pleasant Hill, county of Cass, and state of Missouri.

"A. O. PRATER,
"Constable."

The case was submitted to the court without the intervention of a jury. No instructions were asked or given. The court found for the plaintiff. The defendant filed a motion for a new trial, on the ground that the finding of the court was against the law and the

evidence, which being overruled there was a judgment for plaintiff, from which defendant appealed.

I.   The single question which is presented by the record for our decision is, whether the return of the service of the summons on the garnishee was sufficient to confer jurisdiction, or, in other words, whether the order of the justice, on the garnishee, to satisfy the Cooley execution on which the garnishment was founded, was valid.   The statute in relation to garnishments, section 2518, provides that, when a *fieri facias* shall be issued and placed in the hands of an officer for collection, it shall be the duty of the officer, when directed by the plaintiff, his agent or attorney, to summon garnishee and *with like effect* as in case of original attachments.   The service of garnishment in such case, and the subsequent proceedings against, and in behalf of, the garnishee, shall be the same as in cases of garnishment under an attachment.   *Pritchard v. Toole*, 53 Mo. 356.   The effect of a garnishment, whether under a writ of attachment or *fieri facias*, is by statute exactly the same.   Whatever may be the rulings in other jurisdictions, it is quite plain that in this state the statute declares that both the effect and the proceedings shall be the same, whether the garnishment is under an execution or writ of attachment   It must inevitably follow that the authorities in this state, which decide what is essential to confer jurisdiction in garnishments on attachments, are alike applicable to garnishments under execution.

With these preliminary observations we shall proceed to an examination of the return indorsed by the constable on the summons to the garnishee, in the light of the statute, and the adjudged cases in this state.   Attachment proceedings before justices are required to conform with proceedings in the circuit court as near as possible, unless otherwise ordered. R. S. 1879, sec. 481.   Under the second and fifth subdivisions of section 420, relating to garnishees, two

different steps are required to be taken by the officer in serving the garnishment. In respect to credits of the defendant, he shall declare to the debtor of the defendant that *he attaches in his hands all debts due from him to defendant, or so much thereof as shall be sufficient to satisfy the debt and interest or damages and cost*, and summons each debtor as garnishee. The form of summons is outlined in the second subdivision of the same section. One of the steps in this process is a declaration of attachment of the credits of the *attachment debtor in the possession or owing to him by the garnishee*. The other is in the nature of an ordinary summons to the garnishee to come into court at the next term and make answer to the interrogatories of the plaintiff relating to the credits attached. The proceeding in its nature is a proceeding *in rem*, the object of which is to effect, as it were, a sequestration of the credits of the attachment debtor, to the end that they may be ultimately applied towards the satisfaction of the plaintiff's claim, by the order and final judgment of the court. R. S. 1879, secs. 2550, 2551. The notice or declaration of sequestration to the garnishee takes the place of the manual seizure on account of the intangibility of the credits. This constitutes a constructive seizure of the credits. In the absence of this declaration of attachment by the constable serving the writ, there could be no rightful jurisdiction conferred upon the justice to make an order for the payment, which would bind the credits of the debtor in the hands of the garnishee. *Fletcher v. Wear*, 81 Mo. 524. The return of the constable in this case fails to show that he made the declaration to the garnishee, required by the statute and essential to bind the debt in its hands. The return was wholly insufficient to bring the *res* into court so as to authorize a judgment against the garnishee. The declaration of sequestration to the garnishee, which is wholly wanting in this case, is an indispensable prerequisite to confer jurisdiction over the

subject-matter. The question of jurisdiction over the *res* goes to the very power of the court to proceed to adjudicate the rights of the defendant debtor to the credits in the hands of the garnishee. *Cannon v. Pope,* 18 Mo. App. 86 ; *Keene v. Bartholow,* 4 Mo. App. 507 ; *Brecht v. Corby,* 7 Mo. App. 300 ; *Epstein v. Salorgne,* 6 Mo. App. 352 ; *Newell v. Porter,* 62 Mo. 310.

Again, the return does not show that the garnishment summons was delivered to the "nearest station or freight agent" of the railway company, as required under the proviso to section 2521, Revised Statutes, 1879. For this reason the return was absolutely invalid, and authorized no judgment against the garnishee, and, therefore, constituting no bar to the payment by the garnishee of the debt to its debtor. *Haley v. Railroad,* 80 Mo. 112 ; *Gates v. Trestren,* 89 Mo. 13. Tested by these principles it is quite obvious that the service of the garnishment summons, as evidenced by the return of the constable thereon indorsed, was wholly insufficient to confer jurisdiction upon the justice to order the garnishee to pay the execution of Cooley. The payment made by the garnishee was not compulsory but was voluntary in its character. It afforded no exemption of the garnishee from its liability to pay the debt it owed the plaintiff.

But it is contended that, if the service of the garnishment summons was insufficient to authorize the justice to order the payment of the Cooley execution, still, as it paid off the judgment debt of the plaintiff Dunn, that in equity it should be subrogated to Cooley's rights in the execution on which the garnishment was founded. This contention we do not think can be sustained. It is a well-settled rule that a person, advancing money to pay a debt not his own, is not entitled to be subrogated to the rights of the creditor against the debtor, unless the party paying was surety for the debt, or has been compelled to pay it to protect his own rights, or when there was an agreement to that effect with the

creditor. Generally speaking the right of subrogation is not applicable to a case where one who is a mere volunteer discharges the debt or obligation for which another is primarily liable in person or estate. *Wallace's Appeal*, 5 Pa. St. 103 ; *Morris v. Oakford*, 9 Pa. St. 498 ; *Numussey v. Gahn*, 3 Paige, 614 ; *Sanford v. McCan*, 3 C. R. 117. So it has been held that a mortgagee is not entitled to be subrogated to the rights of creditors, where liens upon the property he has discharged by voluntary payment not necessary to protect his own interest in the property. *Bayard v. McGraw*, 1 Ill. 134. The payment of the Cooley execution by the defendant was not compulsory ; none of the other conditions essential to justify the application of the doctrine of substitution are shown to have had an existence in the case.

But another insuperable objection to the defendant's insistence is, that $40 of the amount admitted to be due plaintiff was not the legal subject of garnishment, for the reason that the same was on account of wages due from defendant to plaintiff while in his employ for the last thirty days. R. S. 1879, sec. 2519. Now if this credit of the plaintiff in the hands of defendant was not subject to the garnishment lien, if the garnishment was *nil*, because interdicted by statute, it is quite difficult to understand how it could be made effectual under the name of subrogation. This would be accomplishing by indirection that which the statute forbids shall be done by direction. It would defeat the beneficent purpose of the statute. It is not believed that the plaintiff can be subrogated out of his wages in the manner contended for in this case. The defendant is in the unfortunate attitude of having obeyed a void garnishment order, from the harsh effects of which we are powerless to relieve it. We must apply the law as we find it.

The judgment is affirmed. All concur.