BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1909.

---

J. A. BETH, Respondent, v. ST. LOUIS & SAN FRAN-
CISCO RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, March 1, 1909.

**JUSTICES' COURTS: Killing Stock: Jurisdiction: Indian Terri-
tory Killing: Kansas Residence: Comity.** Plaintiff lived in
the Indian Territory and had his mule killed by the defendant's
train. Soon thereafter he moved to the State of Kansas and
brought suit against the defendant to recover in a justice's court
of Missouri. *Held*:

(1)  It was immaterial whether the laws of Kansas conferred
the right on Missouri citizens to sue for killing stock in
justices' courts of that State.

(2)  That a Missouri justice only has jurisdiction for killing
stock by a railroad when the killing occurred in his own
or an adjoining township and therefore none of the killing
occurred in the Indian Territory.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

REVERSED.

*W. F. Evans* and *Woodruff & Mann* for appellant.

(1)  As the mule sued for in this case was killed
in the Indian Territory, plaintiff was not entitled to
institute a suit to recover the value thereof before a

(234)                    [136 App.

justice of the peace in Missouri, for the reason that section 3839, Revised Statutes 1899, limits the jurisdiction of a justice of the peace in actions against a railroad company for killing or injuring mules, cattle or other animals to the township in which the injury happened, or to any adjoining township, and justices of the peace not having any common law jurisdiction are strictly limited in their jurisdiction to that granted to them by statute, having no other jurisdiction except that granted by act of the Legislature. Rohland v. Railroad, 89 Mo. 182; Manuel v. Railroad, 19 Mo. App. 631; Creason v. Railroad, 17 Mo. App. 111; Warden v. Railroad, 78 Mo. App. 664; State ex rel. v. Hopkins, 87 Mo. 519; Hansburger v. Railroad, 43 Mo. 196; Haggard v. Railroad, 63 Mo. 302; Iba v. Railroad, 45 Mo. 475; Geltz v. Railroad, 38 Mo. App. 580; Nickerson v. Eddy, 50 Mo. App. 569. (2) As under the act of the Legislature of the State of Kansas, offered by defendant and excluded by the court, the plaintiff in this case had he been a resident of the State of Missouri could not have brought this action in the State of Kansas, therefore, under the principles of comity the plaintiff, being a resident of the State of Kansas at the time this suit was instituted in Missouri, the courts of the State of Missouri will not grant to plaintiff, a citizen of Kansas, the privilege of maintaining this action in the courts of the State of Missouri. Smith, Admr., v. Stone, —— Fed. ——.

*Lee Shepherd*, for respondent, filed no briefs.

BROADDUS, P. J.—This suit was instituted before a justice of the peace of Galena township, Jasper county, against the defendant, a railroad corporation, for the negligent killing of plaintiff's mule by one of its trains of cars in the town of Quapaw, Indian Territory. The plaintiff at the time was living in Quapaw, but soon after moved to the State of Kansas. The de-

fendant objected to the introduction of any evidence for the reason that the petition shows the mule was killed in the Indian Territory; therefore, the justice had no jurisdiction and consequently the circuit court had no jurisdiction of the cause of action. The objection was overruled. The defendant offered in evidence the statutes of Kansas for the purpose of showing that in that State, the place of residence of plaintiff, a non-resident would not be permitted under its laws to maintain such an action. The court rejected the offer. The rejection of the court of this evidence, we think, was not an error of any importance, as we know of no law of interstate comity that would affect the jurisdiction of a justice's court where such jurisdiction of the cause of action is localized by the statute.

Section 3839, Revised Statutes 1899, limits the jurisdiction of a justice of the peace in actions against a railroad company for killing and injuring animals to the township in which the injury occurred or to any adjoining township. See Rohland v. Railroad, 89 Mo. 180; Creason v. Railroad, 17 Mo. App. 111. As the justice had no jurisdiction of the subject-matter, the circuit court had none, for which reason the cause is reversed. All concur.