JULIA A. COMPTON ET AL., Respondents, v. JAMES JOHNSON, Appellant.

Kansas City Court of Appeals, October 26, 1885.

1. INSTRUCTIONS—SHOULD NOT ASSUME CONTROVERTED FACTS.—It is the duty of trial courts, in passing upon instructions, to avoid any seeming assumption of a controverted fact, by so framing the instruction as to leave the jury free to find the fact, without being influenced by a suggestion from the court.

2. ——— INTEREST—STATUTE CONSTRUED.—Interest in this state is regulated by statute. Section 2723 declares for an allowance of six per cent., when no other rate is agreed upon, " for all moneys after they become due and payable, on written accounts, and on accounts after they become due and demand of payment is made, etc." The settled construction of this clause is, that on written contracts, if no rate of interest is therein fixed, six per cent. is assumed to be demandable after maturity of the debt; and on all *accounts* six per cent. is allowed only after due and payment thereof has been *demanded*. *Phillips v. Laclede Co.*, 76 Mo. 70. And the burden of proof rests upon the party claiming the interest to show such demand.

3. ——— STATUTE OF LIMITATIONS—PART PAYMENT—APPLICATION OF RULE.—The rule that a part payment made on an entire account stops the running of the statute of limitations in the case of a continuous or running account, is not applicable to transactions which are separate and independent of each other. Part payment does not necessarily take a case out of the operation of the statute, for the reason that it may be made under circumstances which forbid

and contradict the implication arising usually from such payment. *Shannon v. Austin*, 67 Mo. 486.

APPEAL from Clinton Circuit Court, HON. G. D. BURGESS, Judge.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court.

A. W. MULLINS, for the appellant.

I.   The court erred in admitting the evidence concerning the charges made by defendant, as curator, for boarding and clothing Mrs. Compton's minor child. This matter had been settled by the probate court, and the evidence was calculated to mislead the jury. *Eddy v. Baldwin*, 32 Mo. 369; *State to use, etc., v. Roberts*, 62 Mo. 388.

II.   The plaintiffs' *first* instruction was misleading in *assuming* a specified indebtedness, without any evidence to support such entire amount, and is erroneous in directing the jury to compute interest *unless the jury found from the evidence that the defendant* was not to pay *interest on the sum named.* And his *second* instruction directed the jury, without any qualification, to charge interest against defendant for any balance owing by him. The statutes of this state require *demand* of payment to be made in the case of *accounts* before six per cent. interest "shall be allowed." Rev. Stat., sect. 2723. "It is a general rule that an action cannot be maintained for the interest of a demand after the principal has been paid." *Stone v. Bennett*, 8 Mo. 41; *Tillottson v. Preston*, 3 Johns. 229.

III.   The statute of limitations was pleaded as to several items, and instructions asked that suit was barred on these which were refused. This was error. Rev. Stat., sect. 141; *Idem*, sect 6.

IV.   The motion for a new trial should have been sustained, because there was no sufficient evidence to support the verdict.

KINLEY & WALLACE, with W. H. SEARS, for the respondents.

I. The *first* instruction of plaintiffs in the light of the evidence was proper. The interest question was to be determined in the light of the agreements testified to. *Russell v. State Ins. Co.*, 55 Mo. 585 ; *Matthews v. St. L. Elevator Co.*, 59 Mo. 474 ; *Porter v. Harrison*, 52 Mo. 524 ; *Raysden v. Trumbo, Ib.* 35. The *second* instruction was based on the evidence of plaintiff ; and the testimony of defendant acknowledged a demand made of him in 1878.

II. The complaint made by defendant, because of admission of evidence as to charges made for board and clothing of Mrs. Compton's child, is without foundation, because this was evidence tending to support one of the counts of the petition, and on *that count* the verdict was in favor of defendant, so that it certainly did not have the effect of misleading the jury.

III. The part payment saved all from the bar of the statute of limitations, and hence, there was no evidence to support defendant's instructions.

IV. No surprise is claimed as to the amendment ; and besides, the jury found for defendant on that count.

PHILIPS, P. J.—This is an action *in assumpsit*. The petition contains three counts. As the jury found the issues on the last two counts for the defendant, who appeals, and the plaintiffs have not appealed, it is unnecessary to set out the substance of those counts. The other count, on which plaintiffs recovered, alleges, in substance, that in 1872 the defendant, as administrator of the estate of Charles Whitaker, deceased, made his final settlement with the probate court, by which it appeared that he was indebted to the plaintiff, Julia Compton, as the distributee, in the sum of $330.36 ; and that in the same year he became further indebted to her in the sum of $645.44 on account of the proceeds of certain lands sold by him, in which said Julia was interested as heir

of said intestate. It was further alleged, that in 1869 the defendant also became indebted to her in the sum of $100.00 on account of a horse sold by him belonging to her; also, in the sum of $30.00 on account of wheat sold by him for her; also, in the sum of $55.00 on account of certain wheat and corn sold by him for her; and in the further sum of $50.00 on account of certain rent moneys collected for her, aggregating in all the sum of $1,180.80. It is then averred that after defendant had so received said money in the year 1872, he requested the said Julia to permit him to retain the same as a loan, and then agreed to pay her interest therefor, while he so retained the same, to which she assented; that defendant kept and used said money from June, 1872 to the second day of May, 1878, when he paid the sum of $975.50, leaving a balance due her of the principal sum of $205.30, and interest on the said sum of $1180.80, at the rate of six per cent. per annum, amounting to the sum of $421.93. Judgment is prayed for these sums.

The answer denied generally the allegations of the petition. It also pleaded the statute of limitations as to the items of the horse, wheat, and corn.

Plaintiff's evidence tended to show that the items of $330 and $645.44 became due and owing to her in the manner and at the time alleged in the petition. In fact there was no attempt at the trial by defendant to controvert these items. There was, also, evidence on the part of plaintiff tending to establish the other items of the account, except as to the rent money.

The evidence of both parties showed that the defendant did retain the money coming to plaintiff, Julia, on final settlement and from the sale of the land; and it further showed that in 1878 the defendant paid over to her the sum of $975.44, the principal of these items. The plaintiff, Julia, also, testified that the defendant, when he retained said money, promised verbally to pay her ten per cent. interest thereon. The defendant, on the other hand, testified that he retained this money at the request of Mrs. Compton, with the distinct under-

standing that he should not pay any interest while he so kept it, as it was merely for her accommodation that he retained it. Defendant, also, admitted selling the horse and keeping the money, but claimed he had paid it back to her at different times in small sums.

On this issue the jury returned a verdict in favor of plaintiffs for the sum of $546.91. The defendant brings the case here on appeal.

I. Counsel have discussed several questions arising on this record, but the only matters, in our opinion, deserving of consideration are, as to the correctness of the declarations of law given and refused by the court. The court gave for the plaintiffs, among others, the following instructions :

"1. If the jury believe from the evidence that on or about the eighteenth day of June, 1872, the defendant was indebted to Julia Compton, one of the plaintiffs, in the sum of eleven hundred and five dollars and eighty cents, then the jury will find a verdict for the plaintiffs on the first count for said sum with six per cent. interest thereon from said eighteenth day of June, 1872, until the second day of May, 1878, after deducting the sum of nine hundred and seventy-five dollars and fifty cents paid by the defendant to the plaintiff, Julia A. Compton, on same second day of May, 1878, unless the jury believe from the evidence that the defendant was not to pay interest on said sum."

"2. Although the jury may believe that the defendant was to keep the money of the plaintiff, Julia A. Compton, without paying interest thereon, yet, if the jury believe the defendant was indebted to the plaintiff, Julia A. Compton, in addition to the amount paid her, then the jury will find a verdict for plaintiffs for such additional sum and six per cent. interest thereon from the second day of May, 1878."

I. The first objection urged against the first instruction is that it arbitrarily assumed the sum of $1,105.80 as the basis of indebtedness. It would have been more consonant with the proper rule for the court to have

avoided any seeming assumption of a controverted fact, by so framing the instruction as to leave the jury entirely free to find the amount, without being influenced by a suggestion from the court, which might possibly lead them to believe that the court thought there was no just ground of controversy as to the proper amount. But viewing this instruction in connection with others and looking to the evidence in the case, we are unable to see that the jury were misled by the technical vice of the instruction. In such instances the court should not reverse. *Porter v. Harrison*, 50 Mo. 524 ; *State v. Hopper*, 71 Mo. 425 ; *McKeon v. R. R. Co.*, 43 Mo. 405.

II. The more serious objection to this instruction is, its direction to the jury to allow plaintiffs interest on said sum from June, 1872, to May, 1878, unless the jury believe from the evidence that the defendant was not to pay interest on said sum. The vice of this instruction becomes the more glaring when read in connection with the second instruction above given. By the first, the jury were advised that on the sum owing by the defendant interest attaches, as, of course, regardless of the existence of any express contract to pay interest, or of any demand of payment, and that it would devolve on the defendant to prove that no interest was to be paid. This, at least, is an inference the jury might well make from the phraseology of the instruction. The second instruction, without any qualification, directed the jury to allow such interest on any balance owing by defendant at the given time.

Interest in this state is regulated by statute. Section 2723, Revised Statutes, declares, that: " Creditors shall be allowed to receive interest at the rate of six per cent. per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made, and for all other money due or to become due for the forbearance of payment, whereof an express promise to pay interest has been made."

The settled construction of the first clause of this section is, that on written contracts, if no rate of interest is therein fixed, six per cent. is assumed to be demandable after maturity of the debt, and on all accounts six per cent. is allowed only after due and payment thereof has been demanded. *Southgate v. A. & P. R. R. Co.*, 61 Mo. 95. As expressed by Norton, J., in *Phillips v. Laclede County* (76 Mo. 70): "As pre-requisite to allowance of interest upon an account it must be made to appear that the account is due and that payment of it has been demanded."

It hardly need be added that the burden of proof rests upon the party claiming the interest to show such demand. There is no pretense that any demand of payment was made on any of these accounts prior to 1878, and little, if any, evidence of any demand outside of the institution of the suit.

So these instructions, not being predicated on the existence of any express promise to pay interest, were clearly bad.

III. It is also assigned for error that the court refused the following instructions requested by the defendant:

"7. The court instructs the jury that the allegations of the petition of plaintiffs are, that the defendant in the year 1869, at the request of plaintiff, Julia Compton, sold one horse for the sum of one hundred dollars, and also, that in the same year, 1869, defendant sold twenty-five dollars worth of corn belonging to Julia Compton. The court instructs the jury, that if the jury believe from the evidence that he, the defendant, did sell said property at her request, or that the defendant became indebted to her for the same at said time, then in that event the plaintiff cannot recover for said items named in the petition, unless suit was brought for the same within five years from the time said cause of action accrued as alleged in said petition."

"8. The court instructs the jury that suit was not

brought in this case until the year 1881, more than five years after said cause of action accrued."

We are of opinion that the cause of action as to the debts created in 1869 is clearly barred. Counsel for respondents seek to escape the operation of the statute of limitation by the suggestion, that in 1878 there was a part payment made on the entire account, which stopped the running of the statute. This rule has no application to the facts of this case. It is not the instance of a running account. There is no continuity in the transactions of 1869 and 1872. They are entirely separate and independent. The payment made by the defendant in 1878 was manifestly on account of the two items made in 1872, wholly disconnected from those of 1869. This is too palpable to admit of question. And even if there were any such connection between the several items as to justify the invocation of the rule of part payment it is very questionable if it would apply under the facts of this case. When the payment was made in 1878, the bar as to the items of 1869 was complete. Part payment does not necessarily take a case out of the operation of the statute, for the simple reason, that it may be made under circumstances which forbid and contradict the implication arising usually from such part payment. *Shannon v. Austin,* 67 Mo. 486. If the defendant paid the two items of 1872 with the declaration or understanding that he intended only to pay them, or that was all he owed, it might destroy the effect of such payment as to the other items.

It follows that the judgment of the circuit court is reversed, and the cause remanded for further procedure in conformity herewith. Hall, J. concurs; Ellison, J., not sitting in this case.