19  151
41  609

19  151
63  452

THE STATE TO THE USE OF M. JOHNSON, Respondent, v. E. M. KNOTT ET AL., Appellants.

**St. Louis Court of Appeals, October 27, 1885.**

1. EXECUTIONS—EXEMPTIONS.—That the defendant in execution is about to remove from the state will not justify the levy of an execution on his exempt property.

2. ——— LIABILITY OF OFFICER.—The officer who levies an execution upon property under such circumstances, is liable therefor on his official bond.

APPEAL from the Scotland County Circuit Court, BEN. E. TURNER, Judge.

*Affirmed.*

SMOOT & PETTINGILL, for the appellant.

CRAMER & MUDD, and MCKEE & JAYNE, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action on a constable's bond. It stands admitted by the pleadings that the plaintiff was the head of a family, and that the defendant constable, under an execution directed to him, seized and sold property of the plaintiff falling within the provisions of sections 2343 and 2346, of the Revised Statutes, without apprising the plaintiff of his right of exemption.

The defendants, in their answer, averred that the

plaintiff was about to move out of the state with intent to change his domicil, when the levy was made. This part of the answer was, on motion of the plaintiff, stricken out by the trial court, and all evidence in regard thereto ruled out. For the purposes of this appeal, therefore, the facts thus stated in the answer must be considered as true.

It will appear from the foregoing that the sole question presented for our consideration, is, whether the head of a family, intending to move out of the state with intent to change his domicil, thereby forfeits the right to hold either specific property or property of a certain value, exempt from execution as provided by the sections above referred to. These sections, in general terms, exempt certain property when owned by the head of a family, both from execution and attachment, without making residence or intended change of domicil a test. Our statute relating to attachments, however, section 416, Revised Statutes, provides that no property or wages declared by statute to be exempt from execution shall be attached, except in the case of a non-resident defendant, or of a defendant who is about to move out of the state with intent to change his domicil.

The appellants contend, we assume, that the exception thus made in the attachment law, should be held applicable to executions, also, because the two statutes are *in pari materia*, and must be construed together. This claim is untenable. Whatever may have actuated the legislature to discriminate between property subject to seizure on *mesne* and final process, it has unquestionably made such discrimination, not only in this instance, but in numerous others, and it is not for the courts to substitute their discretion for that of the legislature.

While we are not aware that the exact point now before us has ever been passed upon by any court of final jurisdiction, some phases of the question have been repeatedly considered by courts of other states. Thus, in Ohio, where a similar exemption was granted by statute to every person who has a family, it was decided that the

exemption may be claimed by any debtor against whom an action was prosecuted in the courts of that state, whether the debtor be or be not a resident of the state. *Sproul v. McCoy*, 26 Ohio St. 577. And, in Kentucky, it was held that an avowed intention on the part of the debtor to remove from the state, and a preparation and packing up on his part will not deprive him of the character of a housekeeper, and that he does not cease to be a housekeeper while *in transitu.* *Anthony v. Wade*, 1 Bush 110. See, also, *Woodward v. Murray*, 18 Johns. 400.

We are, therefore, of opinion that the facts set up in the defendant's answer, and stricken out by the court, constituted no defence to the plaintiff's action, and the trial court committed no error in so ruling.

As this is the only point arising on the record worthy of serious consideration, the judgment is affirmed. All the judges concur.