James G. Newman, Respondent, v. John L. Newman *et al.,* Appellants.

Kansas City Court of Appeals, March 19, 1888.

1. Practice—Findings by Referee— When Assumed to be Supported by Evidence.—In the case of a report by referees, under an order of the circuit court, "to state an account between the parties, find the issues involved in the pleadings, hear evidence, and make a full report of their finding, and of their proceedings," etc., where no part of the evidence taken and returned by the referees is presented to this court by the abstract of the record, furnished by appellant, it must assume that the evidence fully supported the findings ; this is the recognized rule of the appellate courts. The findings of the referees stand as the special verdict of a jury, and in law cases are conclusive on the court.

2. —— —— Effect of General Finding as to a Specific Claim—Case Adjudged.—When a claim is made before referees as to a particular transaction, among others, and the items were examined by the referees, and as to this claim the referees say that they find no evidence of any other business transactions between said parties (omitting the particular transaction), this is to be regarded as a finding against that claim for want of proof.

3. —— —— Allowance of Interest Under Section 2723, Revised Statutes—Case Adjudged.—The items of account involved, in this case, upon which interest is claimed, come clearly under the head of "accounts," mentioned in section 2723, Revised Statutes. No interest is allowable on such accounts until after demand for payment.

4. —— —— Payment of Debt of Principal by Surety—Rule as to Interest.—The rule is, that a surety who pays a judgment against himself for the debt of his principal is entitled to recover from the principal the rate of interest paid on the judgment to the time of such payment, and six per cent. interest thereafter.

5. Practice — Assignments of Error—How Much Certainty Required—Presumption. — He who claims error must make that error apparent; otherwise this court must presume that the proceeding of the trial court was correct, and that the verdict was supported by the evidence.

Appeal from Andrew Circuit Court, Hon. Henry S. Kelley, Judge.

*Affirmed.*

The case is stated in the opinion.

William Heren and B. G. Boone, for the appellants.

I. The finding and the report of the referees is insufficient, and not in conformity with the order of the court referring the case. The account, as stated by them, is not a full one, but only partial, and none of the issues made by the pleadings are found by them. The account shows that it is erroneous upon its face, especially in failing to allow interest appearing to be due defendant.

II. On the first point it is only necessary to refer to the order and judgment of the court re-referring the case to the referees. The judgment of the court is specific, "that said referees take and state a full account between said parties hereto, stating and setting out the items in said account, and to further find the issues involved in the pleadings of said parties." The report of the referees wholly ignores the direction and instruction of the court. The report fails utterly to find the issues in the pleadings, or any issue, so that the court might be able to judge of the finding and the law of the case. In their account and finding they wholly disregard the positive instructions of the court. They only render a partial account between the parties, and not a full account, as required by the judgment of the court in re-referring the case.

III. On the second point it is only necessary to look at the statement of account and finding to see at once the utter insufficiency of the same, and the utter disregard to the instructions and judgment of the court. The report ignores entirely the issues in the pleadings—don't presume to find or state a single one. They fail utterly to make any finding, or to make any statement in their report as to the six thousand dollar note, as charged and set up in the pleadings. They ignore the principal item between the parties entirely. The report nor finding don't show that they considered that item at all. The report assumes that respondent paid said judgment as security for appellants, but fails to find any facts to warrant such assumption. They fail to find the material issue, whether the judgment paid by respondent grew out and was a part of the six thousand dollar note, in which the respondent was a beneficiary and joint maker. No court can tell from their report, account, and finding, that they adjusted or considered all the matters at issue or in controversy between the parties, but the report and statement of account show clearly that they did not.

IV. On the third point, the account, as stated upon its face, shows that it is erroneous, and does great wrong and injustice to the appellant, John L. Newman. The account shows on its face that, August 9, 1876, James G. Newman owed and was indebted to John L. Newman in the sum of one thousand dollars (borrowed money). This was the one thousand dollars out of the five thousand dollars, which was a joint note, and signed by said James G. Newman, and bore ten per cent. interest, which note and the interest was paid off and discharged by said John L. Newman; hence the law allowed said John L. Newman interest on said one thousand dollars against James G. Newman at ten per cent., and the referees were bound to allow the same. The account shows, on its face, that they failed to do it, hence, in law, they erred, to the great prejudice of said

John L. Newman. Said one thousand dollars was a liquidated sum of money borrowed from said John L. Newman by said James G. Newman, and the law gave interest on the same at six per cent. interest, even if the same had not been derived from the note signed by James G. Newman, bearing ten per cent. interest. It is not pretended, in the stated account, that at this date John L. Newman owed the said James G. Newman any amount or in any manner. In said stated account is an item dated October, 1877, of one thousand dollars for Kansas cattle, owed by James G. Newman to said John L. Newman. This is a liquidated amount and by law draws at least six per cent. interest. John L. Newman, at this date, owed the said James G. Newman nothing, from the face of the account. There is another item in the account, same date, of seventy-seven dollars paid by said John L. Newman for said James G. Newman, for expenses and discount on note. The law allows interest at six per cent. on this item. The account stated shows that in April, 1878, a credit (proceeds cattle shipped) of thirteen hundred dollars; also shows, at the same date, that John L. Newman paid note of James G. Newman to Savannah Savings Institution, of five hundred dollars, which left a balance of credit to James G. Newman of eight hundred dollars on account. The account shows that, in March, 1879, a credit of four hundred dollars to James G. Newman, which, according to the account stated, would leave a balance in favor of John L. Newman of $877, March, 1879. To this balance the law entitles said John L. Newman to $216.14, interest at only six per cent., which added, would make the balance, March, 1879, $1,093.14, on which balance calculate interest at six per cent., up to October 27, 1885, the time of commencing suit by said James G. Newman —6 years, 7 months, and 26 days—would be $435.76, which would make the amount $1,528.90, which would leave at the bringing of the suit (the twenty-seventh of October, 1885) by the said James G. Newman, a balance of $171.40 in favor of John L. Newman, and

against said James G. Newman. This balance is less than said John L. Newman is entitled to. He is certainly entitled to ten per cent. interest on the first one thousand dollar item, the said five thousand dollar note, being in writing and signed by said James G. Newman, and stipulating ten per cent. interest.

V.   No demand was necessary to recover interest; there was no mutual account between these parties. This cross-bill was for money had and received by said James G. Newman, at different times and in liquidated amounts.   When James G. Newman paid, the payments were applied to his indebtedness as far as such payments went, and by his direction, and the first payment was thus made in April, 1878, and the next and only other, in March, 1879, as per account stated.   To say that said John L. Newman should be deprived of interest on this large amount of money furnished and paid for the use of said James G. Newman, would, to say the least, be a great hardship.   I think our statute (vol. 1, page 458, sec. 2723) clearly entitles him to six per cent. interest as the acknowledged creditor of said James G. Newman, and for a court of equity, by its judgment, to deprive him of it, would certainly be doing him a great wrong and injustice.

No brief for the respondent.

PHILIPS, P. J.—This is an appeal from a judgment rendered on the report of referees.   The plaintiff sued to recover the sum of $1,357.50, the amount alleged to have been paid by him on a judgment against him as surety for defendants.   Suit was instituted October 27, 1885.   The defendants answered jointly, denying that the sum so paid by plaintiff was as surety ; but averred that plaintiff was a partner of defendants, and they made a joint note as such for the sum of six thousand dollars, and the amount paid by plaintiff was in renewal of a balance on said note.

In a second count the defendants alleged that, in August, 1876, plaintiff and defendants jointly executed to the Savannah Savings Bank their note for five thousand dollars, at ninety days, with ten per cent. interest from maturity ; that from time to time defendant, Newman, renewed said note, and paid all the interest thereon ; that of the principal so borrowed plaintiff received one thousand dollars ; that, on January 16, 1878, defendant, Newman, paid off said note, which he filed with the answer, claiming a counter-claim on account thereof.

The answer contained a third count, setting up other items of account against plaintiff. An accounting was prayed for. Plaintiff replied, setting up counter-accounts against defendants' claims.

The circuit court referred the matters to referees. The referees made their report ; and on exceptions taken thereto by defendants, the court re-referred the cause to the referees. The material part of the order of reference is as follows : "It is further ordered and adjudged that the said cause be and the same is re-referred to said referees for further proceedings, with instructions that said referees take and state a full account between said parties hereto, stating and setting out the items in said account, and to further find the issues involved in the pleadings of said parties, and to take and hear other and further evidence of the respective parties hereto, reducing the same to writing, and will make a full report of their finding and of their proceedings to the next regular term of this court."

The referees again made report to the December term, 1886, of the court, in which, *inter alia*, they reported the following findings : "That, on the second day of October, 1885, respondent, James G. Newman, paid on judgment aforesaid, as security for appellants, the sum of $1,357.52 ; that, at the time of the payment of said judgment by James G. Newman, as aforesaid, on the twentieth of October, 1885, there was an unsettled account between respondent and appellant, John L. Newman, of which the following is a full statement :

"James G. Newman, in acc't with J. L. Newman.

|  | Dr. | Cr. |
|---|---|---|
| Aug. 9, 1876, cash (borrowed money).......... | $1,000 00 | |
| Oct., 1887, Kansas cattle. | 1,000 00 | |
| " " To 1–6 expense to Kansas and discount on note................ | 77 00 | |
| April, 1878, by bill of exchange (proceeds of cattle shipped)............ | | $1,300 00 |
| April, 1878, to note, J. G. Newman, paid Savannah Savings Institution. | 500 00 | |
| March, 1879, by cash.... | | 400 00 |
| Balance............ | | 877 00 |
| | $2,577 00 | $2,577 00 |

"The referees find that said balance on account of $877 should be allowed as a setoff to said John L. Newman, in this action, and that said James G. Newman should have judgment for the difference between said setoff and said sum of $1,357.52 paid by said James G. Newman, as security as aforesaid, with interest thereon from the commencement of this suit."

The defendants filed exceptions to this report. The exceptions were overruled; judgment was rendered on the report, and defendants have appealed to this court.

I. No part of the evidence taken and returned by the referees is presented to this court by the abstract of record furnished by appellants, and we must assume that the evidence fully supported the findings. This is the recognized rule of the appellate courts. The findings of the referees stand as the special verdict of a jury, and in law cases are conclusive on the court. *St. Louis Stoneware Co.*, 8 Mo. App. 217; *Woodrow v. Younger,*

61 Mo. 395; *Wiggins Ferry Co. v. Railroad*, 73 Mo. 389; *Gamble v. Gibson*, 75 Mo. 326.

II. The chief complaint of appellants is, that the report fails to make any special findings touching the item of the six thousand dollar note mentioned in the first count of the answer. It would be a sufficient answer to this objection to say, that the abstract of record furnished by appellants does not purport to contain the whole of the report, and as presented to this court it is apparently only a part thereof. If we should oblige appellants, by departing from the rule in looking into the transcript, we would find the fact to be that the referees did make substantially a finding on all the issues, including this item or claim. For the report, after stating the findings of the referees on many other items not set out in that portion abstracted by appellants, says: "The referees find no evidence of any other business transactions between said parties in the period included in this report, except as stated in this report." As the matter of the six thousand dollar transaction was alleged to have occurred within the periods covered by the report, and the items were examined by the referees, this is to be regarded as a finding against the claim for want of proof.

III. It is also objected to the report that the referees failed to allow defendants interest on the balances of the accounts between them and the plaintiff on the debits shown by the report against plaintiff. These items come clearly under the head of "accounts" mentioned in section 2723, Revised Statutes; and it has been repeatedly held that no interest is allowable on such accounts until after demand made for payment. *Southgate v. Railroad*, 61 Mo. 95; *Phillips v. Laclede Co.*, 76 Mo. 68; *Compton v. Johnson*, 19 Mo. App. 88. As the record fails to show any demand prior to the filing of the counter-claim in this action, no interest was allowable by the referees back of the date. And so the finding showing a balance due the plaintiff, at the time

of institution of suit, he was clearly entitled to interest thereon. The rule is, that a surety who pays a judgment against himself for the debt of his principal, is entitled to recover from the principal the rate of interest paid on the judgment to the time of such payment, and six per cent. interest thereafter. *Bushong v. Taylor*, 82 Mo. 661. As to the one thousand dollar item of August 9, 1876, borrowed money, appellants make especial claim that they should have been allowed interest thereon. There is no evidence presented to this court by appellants that this item is otherwise than stated in the report of the referees. It does not appear when this money became due and payable. If no time of payment was named in the contract, it would be payable on demand. *Compton v. Johnson*, 19 Mo. App. 88; *Calton v. Bragg*, 15 East, 253; 1 Danl. Neg. Inst., sec. 599. And of consequence no interest would acrue until demand made. Defendants took no exceptions to this report for failing to find when this one thousand dollar item became due and payable. The presumption is to be indulged that the evidence merely showed what the report states, that this money was borrowed on the ninth day of August, 1876, without more; and as defendants made no proof of demand prior to the institution of this suit no interest was allowable on this item.

IV. In the third exception to the report is the following: "That said report erroneously credits said James G. Newman with one thousand dollars, for shipment of cattle in June, 1877, to Chicago, by John L. Newman, which the evidence shows clearly he did not make, and should not have been credited with."

I am unable to understand this objection, as I discover no such item of one thousand dollars credited to plaintiff in the report. It credits plaintiff with thirteen hundred dollars, "April, 1878, by bill of exchange—proceeds of cattle shipped." If the exception was aimed at this credit it was singularly indefinite; and we are

unable to determine whether it was or not, without guessing at it. This would be unsafe. He who claims error must make that error apparent; otherwise this court must presume that the proceeding of the trial court was correct, and that the verdict was supported by the evidence. *Foster v. Nowlin*, 4 Mo. 23; *Walter v. Cathcart*, 18 Mo. 256.

It follows that the judgment of the circuit court should be affirmed. It is so ordered. All concur.