63  447
67  185

W. H. HACKETT, Respondent, v. EMILE GIHL, Defend-
ant; THE NATIONAL BANK OF COMMERCE,
Garnishee, Respondent.

Kansas City Court of Appeals, November 18, 1895.

1. **Attachment**: GARNISHMENT: WAGES: CHANGE OF DOMICILE: EXECU-
TION. Under sections 5220 and 539, Revised Statutes, 1889, the last
thirty days' wages of an employee, who is about to leave the state with
the intention to change his domicile, may be seized by garnishment
under attachment, though they can not be garnished under execution
unless the employee is a nonresident.

ON REHEARING.

2. ———: ———: SERVICE: RETURN: NOTICE. The return of a garnish-
ment under attachment should be indorsed on the attachment writ;
and where the return is indorsed on the notice of the garnishment—
which is not a judicial writ—it should refer for authority for the gar-
nishment to the attachment writ.

3. ———: ———: NOTICE: APPEARANCE. Where the return in a garnish-
ment proceeding fails to attach the indebtedness in the hands of a
garnishee, the appearance of the garnishee does not waive this defect
but only waives a defect in the service for appearance.

4. ———: ———: RETURN. From the return of the officer in this case
it is *held* that the notice was under subdivision 4 of section 543
Revised Statutes, 1889, and not under subdivision 5, and is, therefore,
insufficient for the attachment of an indebtedness owing by the
garnishee.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W.
HENRY, Judge.

REVERSED.

*Elijah Robinson* for garnishee.

(1)   The well settled law of this state is, that to
authorize a judgment against a garnishee the require-

ments of the statute must be strictly complied with. He must not only be summoned as required by the provisions of subdivision 2, section 543, Revised Statutes, 1889, but there must also be an attachment of the goods, chattels, money, or evidences of debt in his hands, belonging to the defendant, as required by subdivision 4 of said section, or of the debt due from him to the defendant, as required by subdivision 5 of said section. (2) The record fails to show any writ of attachment, and the return of the officer is not that he executed the writ of attachment, but that he executed the within notice of garnishment, and the return is indorsed upon the back of the notice of garnishment. This was not sufficient to give the court jurisdiction. *Todd v. Railroad*, 33 Mo. App. 110. (3) Even if the return were indorsed upon the writ of attachment and purported to be a return of the acts of the officer under the attachment, it would still be insufficient, and give the court no jurisdiction to render judgment for the amount of any indebtedness existing from the garnishee to the defendant. Subdivisions 4, sec. 543, R. S. and subdivision 5. (4) The other question presented by the record is as to the proper construction of section 5220, Revised Statutes, 1889; that is, whether under the provisions of said section, the National Bank of Commerce was subject to garnishment in this case.

*Elliott & Burnham* for respondent.

(1) The question of the issuance and service of the writ of attachment is an issue only in the principal case between plaintiff and defendant, and where the defendant is personally before the court and judgment is rendered against him for the debt and attachment sustained and this judgment is not appealed from, this question is finally adjudicated, and can not again be raised by a

garnishee in the collateral proceeding of garnishment. In *Todd v. Railroad*, 33 Mo. App. 110, cited by appellant, there was no personal service and personal judgment against defendant, and the appeal by the garnishee took the whole case and entire record to the circuit court. Besides, the court say in the opinion on page 113 that the defective return to the attachment writ is capable of being cured by amendment, and the case could be remanded for that purpose. The reversal is on an entirely different ground. Drake on Attachment [6 Ed.], secs. 691 to 698; 8 Am. and Eng. Encyclopedia of Law, p. 1218; *Simmons v. Railroad*, 19 Mo. App. 544. (2) The facts showing jurisdiction may appear either from the record, or the papers in the case. The transcript of the justice, in this case, shows all jurisdictional facts. *Keane v. Bartholow*, 4 Mo. App. 507; 8 Am. and Eng. Encyclopedia of Law, p. 1212; *McCloon v. Beattie*, 46 Mo. 391. (3) Appellant's second point as to the sufficiency of the notice is certainly far-fetched. "Debt" is a generic term. The statute makes use of it in that way. The notice enumerates the different kinds of debts and evidences thereof. The debt attached in this case was a money debt, and is the first kind of debt specifically mentioned in the list set out in the notice and return thereto. Notice to the garnishee is a process and not a pleading, and serves its purposes when it brings the garnishee before the court with the evidence of the indebtedness sought to be attached. 8 Am. and Eng. Encyclopedia of Law, pp. 1100, 1118. (4) The real question is the proper construction of the clause of section 5220, Revised Statutes, 1889. Municipal and other officers are exempt from garnishment on the ground of public policy. 8 Am. and Eng. Encyclopedia of Law, 1134; *Hawthorn v. St. Louis*, 11 Mo. 59; *Fortune v. St. Louis*, 23 Mo.

239. Sheriffs, constables, administrators, executors, and other officers of the law are not subject to garnishment because it would be an interference with the jurisdiction of the courts whose officers they are. 8 Am. and Eng. Encyclopedia of Law, 1137, 1138, and citations. But no private business employer can be exempt from garnishment on either of the above grounds. This exemption clause, then, must be for the benefit of the employee. It has been so decided in this state. *Davis v. Meredith*, 48 Mo. 263; *Spengler v. Kaufman and Wilkinson*, 43 Mo. App. 13. It is a benefit accruing to him because he is the head of a family and a resident of the state of Missouri, which places the benefit on the same footing as exemptions under section 4903. Of the attachment act, section 539 expressly provides that no property or wages declared by statute to be exempt from execution shall be attached, except in case of a nonresident defendant, or a defendant who is about to remove out of the state, with the intent to change his domicile. This section and section 5220 must be construed together. *State to the use v. Laies*, 46 Mo. 108. The decisions in this state holding the last thirty days' wages of employees exempt from garnishment unconditionally were all rendered under the statute as it existed prior to the amendment of 1885. Session Acts, 1885, p. 165. *State ex rel. v. Kingsbury*, 33 Mo. App. 519 (1888). Section 416, Revised Statutes, 1879, is the same as section 539, Revised Statutes, 1889.

ELLISON, J.—An attachment suit against Emile Gihl was begun by plaintiff. The cause alleged for attachment was that the defendant, Gihl, was about to move out of the state, with intent to change his domicile. A garnishment was served on the appellant, The National Bank of Commerce. The bank answered,

stating that it owed defendant, as its employee, $50, but that said sum was due him as wages for his last thirty days' service, he being the head of a family and a resident of the state. The contention of the bank is that it is not liable to garnishment for the last thirty days' service of the defendant, as its employee. It was admitted·that, notwithstanding defendant was about to move out of the state, he was, at time of garnishment, a resident of the state.

The case calls for the construction of sections 539 and 5220, Revised Statutes, 1889. The latter section, after providing that sheriffs, constables, collectors, treasurers, executors, municipalities, .etc., shall not be liable to garnishment under certain conditions, further provides as follows: "Nor shall any person be charged as garnishee on account of wages due from him to a defendant in his employ, for the last thirty days' service; provided, such employee is the head of a family and a resident of this state."

Section 539, after enumerating what property shall be liable to be seized in attachment, provides as follows: "But no property or wages declared by statute to be exempt from execution shall be attached, except in a case of a nonresident defendant, or of a defendant who is about to move out of the state with intent to change his domicile." Since the only practical way of attaching wages due would be by garnishment, it is at once seen that the two sections quoted are in apparent repugnancy. Section 5220, in effect, declares that when the defendant is a resident of the state, his employer can not be garnished for his last thirty days' wages; while section 539, in effect, declares that, though a resident of the state, if he is about to remove, his wages may be attached—that is, garnished. We must construe the two sections by giving effect to each, if it can be reasonably done, and

in this view, we feel constrained to hold that an employer is liable to garnishment for wages due for the last thirty days' service of his employee, when such employee is about to remove from the state, as mentioned in section 539. Under such construction, section 5220 is treated as though it read like this: "In cases where an employee is the head of a family and a resident of the state, his employer shall not be charged as garnishee on account of wages due him for the last thirty days' service, except where the employee is about to move out of the state, with intent to change his domicile." The exception being the effect given to section 539.

It is contended on the part of the bank that section 539 does not apply to this case, for the reason, among others, that wages are not declared by statute to be exempt from execution. They are not specifically declared to be exempt under the general exemption section found in the chapter on executions. But the last thirty days' wages are, nevertheless, exempt from execution, except in cases of nonresidency, by force of section 5220, wherein they are declared not to be the subject of garnishment, which would be the only mode whereby they could be collected by execution. We may add the remark here, that it thus appears that while you may garnish the last thirty days' wages in an attachment, when the defendant is either a nonresident, or about to become such; you can garnish such wages by execution *only* in cases where the employee is a nonresident. This statutory difference appears, however, in cases of levy of these writs on other property. *State to use v. Knott,* 19 Mo. App. 151.

The result of the views here expressed is to affirm the judgment. All concur.

### ON REHEARING.

ELLISON, J.—A rehearing was granted in this cause on account of points duly made by appellant having been overlooked by the court. The point considered in the original opinion was the principal matter of contention between the parties, but there were two others presented which were not considered in the foregoing opinion. They were, *first*, that there is nothing in the record showing jurisdiction in the justice over the subject-matter of garnishment; and, *second*, that the officer did not attach the indebtedness of garnishee to the defendant.

As to the first point: There is no attachment writ in the record. There is a notice of garnishment and the constable's return on the back thereof. The return should have been indorsed on the back of the attachment writ. *Todd v. Railroad*, 33 Mo. App. 110. The notice of garnishment is not a judicial writ and contains no command to the officer. The fact that a proper return is not made on the writ where it rightfully belongs might not be considered fatal, if it was otherwise a good return. But in this case, the return which is placed on the back of the notice of garnishment does not purport to be a return of the attachment writ, or to be intended for such return. Neither the return nor the notice of garnishment contains any reference to an attachment suit, or attachment writ. The return, wherever it may be placed, should be based on the attachment writ; and should show on its face that the service was had and the attachment or garnishment made, by authority of the attachment writ. In this return, there is no reference to any authority which authorized the notice of garnishment, or of the attachment of indebtedness or property in the hands of the garnishee. The appearance at the trial of the garnishee

does not waive this.   His appearance waives any defect in the service for appearance, but does not give validity to an otherwise invalid garnishment.   *Fletcher v. Wear*, 81 Mo. 524.   And this is true as to the plaintiff in attachment where objection is duly taken, as was done in this case.

II.   The second point must also be ruled in favor of the garnishee.   The statute, subdivision 4, section 543, is as follows:

"When goods and chattels, money or evidences of debt are to be attached, the officer shall take the same and keep them in his custody, if accessible; and if not accessible, he shall declare to the person in possession thereof that he attaches the same in his hands and summon such person as garnishee."

This statute evidently does not refer to a debt which may be owing by the garnishee to the defendant in attachment.   The statute evidently refers to something tangible, for the direction is for the officer to take it into custody, and only if not accessible, shall the officer attach it in the hands of the party in possession and summon him as garnishee.   That there is a distinction between the species of property mentioned in subdivision 4, and a mere debt owing to the defendant, is clearly shown by subdivision 5, where it is enacted, that "when the *credits* of the defendant are to be attached, the officer shall declare to the debtor of the defendant that he attaches in his hands all *debts* due from him to the defendant, or so much thereof," etc.   A return which shows that the officer has garnished under one of these divisions will not answer for the other.   They refer to different kinds of property.

The notice of garnishment given by the constable recites that: "I now declare to you, National Bank of Commerce, that I do attach in your hands all moneys, rights, credits, bonds, bills, notes, drafts, checks, or

other choses in action, of the defendant Emile Gihl, that is now in your charge, under your control, or that may come into your possession, or under your control." This notice was under subdivision 4, and evidently contemplated something of the defendant's of which the garnishee had possession, or control— something, perhaps, which the garnishee held as some sort of bailee. It certainly was not an attachment of an indebtedness owing by the garnishee, as mentioned in subdivision 5 of the statute.

The result is that the judgment should be reversed. All concur.