GREGOR GROCER COMPANY, Respondent, v. E. O. CARLSON et al., Defendants; BOVIE–HEDDENS GRO-CER COMPANY, Garnishee, Appellant.

67 179
84 669

67 179
99 ¹480

Kansas City Court of Appeals, May 4 and June 15, 1896.

1. **Attachment:** GARNISHMENT: RETURN OF OFFICER: JURISDICTION. The return of a constable on an attachment writ must show that he attached the goods and property in the possession of the garnishee by so declaring to the garnishee in order to give jurisdiction of the attached property to the court.

2. ———: NOTICE OF GARNISHMENT: AMENDMENT OF RETURN. The notice to the garnishee is not a judicial writ and the return on such notice can not be imported into the return on the attachment writ to supply the latter's fatal defects, though the return on the attachment writ may be amended from that on the notice even in the appellate court.

3. ———: GARNISHMENT: RETURN: CREDITS. Where the officer under-takes to attach credits of the defendant he must not proceed under the fourth subdivision of section 543, Revised Statutes, 1889, but under the fifth subdivision, and declare to the garnishee that he attaches in his hands all debts due from him to the defendant; and, unless he does so, the court will not have jurisdiction of such debts.

4. **Offices and Officers:** AMENDMENT OF RETURN: TIME AND APPLI-CATION. Applications for the amendments of returns in garnishment cases should be granted with great caution, and be denied when the officer trusts merely to memory.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED.

*Meservey, Pierce & German* for appellant.

(1) The return goes on further to recite that the constable executed the writ by declaring to Bovie-Heddens Grocer Company that he did summon it as garnishee, etc. This was no return such as was sufficient to confer jurisdiction over the *res*, or to authorize a procedure to judgment against the defendant. *Todd v. Railroad*, 33 Mo. App. 110; *Norvell v. Porter*, 62 Mo. 309; *Hackett v. Gihl, National Bank of Commerce*, 63 Mo. App. 447. (2) In this case there was an effort made to attach a debt due from the defendants. It came distinctly within the terms of subdivision 5, but the notice of garnishment does not recite that an attachment is made of a debt due from garnishee to the defendants, or either of them, but it is made to conform to subdivision 4. *Dunn v. Railroad Co.*, 45 Mo. App. 29; *Lumber Co. v. Vandergrift*, 70 Miss. 91; 8 Am. and Eng. Encyclopedia of Law, page 1160; *Hackett v. Gihl*, 63 Mo. App. 447.

*Scarritt, Griffith & Jones* for respondent.

(1) The mere fact that a part of the constable's return to the attachment writ is on the notice of garnishment instead of on the writ, does not invalidate the return. *Johnson v. Gilkerson*, 81 Mo. 59; *Hackett v. Gihl*, 63 Mo. App. 447. The return on the attachment writ shows that property was attached. *Scruggs v. Scruggs*, 46 Mo. 271. (2) The appellants seem to concede, however, that the constable would have a right to amend his return and indorse the same in full on the attachment writ. The authorities cited by him so hold. The right to amend the return is also held in the following cases: *Todd v. Railroad*, 33 Mo. App. 113; *Transier v. Railroad*, 54 Mo. 189; *Turner v. Railroad*, 78 Mo. 578; *Godman v. Gordon*, 61 Mo. App. 693;

*Fee v. Railroad*, 58 Mo. App. 90. And this amendment may be made in this court, notwithstanding the officer has gone out of office. *Muldrow v. Bates*, 5 Mo. 215; *Scruggs v. Scruggs*, 46 Mo. 271; Alderson on Judicial Writs and Process, pp. 564, 565, 558, 559, and cases cited in note 1. (3) By appearing and answering and taking part in the trial defendant Printz waives defects in the attachment process, and his property, whether money or credits, is properly before the court, and it is immaterial whether subdivision 4 or 5 of section 543 is applicable. *Walter & Co. v. Beckham*, 122 U. S. 320; *Rosenberg v. Clofton Co.*, 10 So. Rep. (Ala.) 521; *Elliott v. Bank*, 30 Pac. Rep. (Cal.) 53.

SMITH, P. J.—The Gregory Grocer Company brought a suit by attachment against E. O. Carlson and Nels. Printz, before a justice of the peace. On the writ of attachment, the Bovie–Heddens Grocer Company, the appellant, was summoned as garnishee. The return of the constable indorsed on the writ was as follows:

"Executed this writ in the township of Kaw this third day of February, 1894, by making diligent search for and failing to find the within named defendant E. O. Carlson and Nels. Printz, and by attaching the following described goods and chattels as the property of the within named defendants, and by declaring to Bovie–Heddens Grocer Company on the third day of February, A. D. 1894, in Kaw township, county of Jackson, that I did summon it as garnishee to appear before the within named justice of the peace, at his office, on the return day of this writ, to answer such interrogatories as may be put to it by said justice, and by reading to it this writ of attachment.

"J. B. SHOEMAKER, Constable.
"By J. Q. YOCUM, D. Constable."

The appellant objects that the said return on the writ was insufficient to confer jurisdiction over the *res*, or to authorize a judgment against him as garnishee. By reference to said return, it will be seen that it does not show that the constable attached any property of the attachment defendants, by garnishment or otherwise. It shows no more than that the constable failed to find the defendants and that he summoned the appellant, as garnishee. This was no such return as showed jurisdiction over the *res* and authorized the court to pronounce judgment against the appellant. The statute in relation to the manner of serving writs of attachment provides that "where goods and chattels, money, or evidences of debt are to be attached, the officer shall take the same and keep them in his custody, if accessible, and if not accessible, he shall declare to the person in possession thereof that he attaches the same in his hands and summons such person as garnishee." Subd. 4, sec. 572, R. S. And subdivision 5 of said section provides that *"where the credits of the defendant are* to be attached, the officer shall declare to the debtor of the defendant that he attaches in his hands all debts due from him to the defendant, or so much thereof as shall be sufficient to satisfy the debt and interest, or damages and costs, and summon such debtor as garnishee."

It does not appear from the return of the constable on the writ that he took steps, or made the declaration to the garnishee required by either of the foregoing statutory subdivisions. The proceeding in its nature is a proceeding *in rem*, the object of which was to effect, as it were, a sequestration of the property and credits of the attachment defendants, to the end that they may be ultimately applied toward the satisfaction of the plaintiff's claim by the final judgment of the court. The statutable declaration of sequestration

to the garnishee, under said subdivision 4, takes the place of manual seizure, on account of the inaccessibility of the property therein specified, and under said subdivision 5, on account of the intangibility of the credits there referred to. It constitutes a constructive seizure of the property and credits. The return of the constable fails to show that he made the declaration required by either of said statutory subdivisions, which was essential to bind in the hands of the appellant, either the property or credits of the attachment defendants. The return was wholly insufficient to bring the *res* into court, so as to authorize a judgment against the appellant garnishee. On the face of the return, the court acquired no jurisdiction of the *res*. These observations are abundantly supported by the following adjudications in this state: *Todd v. Railroad*, 33 Mo. App. 110; *Keane v. Bartholow*, 4 Mo. App. 507; *Masterson v. Railroad*, 29 Mo. App. 655; *Dunn v. Railroad*, 45 Mo. App. 30; *Brecht v. Corby*, 7 Mo. App. 300; *Epstein v. Salorgne*, 6 Mo. App. 352; *Fletcher v. Wear*, 81 Mo. 524; *Newell v. Porter*, 62 Mo. 309.

But it is contended by the plaintiff that if the constable's return, indorsed on the writ of attachment, is insufficient to confer jurisdiction, it is helped out by the return of the constable on the notice of garnishment, which is as follows:

"Executed the within notice of garnishment in Kaw township in Jackson county, and state of Missouri, on the third day of February, 1894, by delivering a true copy of the same to F. M. Bovie, president of the Bovie–Heddens Grocer Company, a corporation, the within named garnishee, and further executed this writ by declaring to the within named garnishee, Bovie–Heddens Grocer Company, that I do attach in your hands all goods, chattels, moneys, rights, credits,

bonds, bills, notes, drafts, checks, or other choses in action of the defendants, E. O. Carlson and Nels. Printz, that is now in your charge or under your control, or that may come into your possession or under your control, the same not being accessible whereupon to levy this writ or make this judgment or costs or any part thereof.

"J. B. SHOEMAKER, Constable.
"By J. Q. YOCUM, D. C."

A notice given by the constable to the garnishee is not a judicial writ. The return of the constable on this notice, in the present case, can not be imported into that indorsed on the writ of attachment and thus utilized to supply the fatal defects of the latter. *Todd v. Railroad*, 33 Mo. App., *ante*.

From the return of the constable made on the writ of attachment and that on his notice of garnishment, the constable might, by leave of court, amend his return on the writ. *Todd v. Railroad, ante; Brecht v. Corby, ante; Transier v. Railroad*, 54 Mo. 189; *Turner v. Railroad*, 78 Mo. 578. And if the amendment, when so made, should show that the constable took the proper steps required to confer jurisdiction, before the judgment against the appellant was rendered, it would be sufficient, though not made until after the case was removed to the circuit court, or, for that matter, to this court, by appeal. *Godman v. Gordon*, 61 Mo. App. 685; *Todd v. Railroad, ante; Turner v. Railroad, ante.*

But the appellant further contends that even if the return of the constable on the writ can be amended by indorsing thereon the constable's return on the garnishment notice, the return, when so amended, would still be insufficient to confer jurisdiction over the subject-matter of the garnishment, for the reason that the declaration of attachment, which we have hereinbefore set out, was under the fourth subdivision of section 543

instead of the fifth subdivision of that section. The former of those subdivisions specifies goods and chattels, money and evidences of debt, by which is to be understood chattels of any kind, money, whether gold, silver, or bank or United States treasury notes, and bills, bonds, notes, and other evidences of debt owned by the defendant and in the possession of the garnishee as depository, or bailee. Where any such property is to be attached in the hands of the garnishee, but is inaccessible, then the declaration required by that subdivision must appear on the face of the officer's return to have been made; but if the credits of the defendant are to be attached, then the declaration required by the fifth subdivision must appear by the return to have been made by the officer. The declaration required by the fourth subdivision will not have the effect to sequester credits of the attachment defendant. This can only be accomplished by making the declaration to the garnishee required by the fifth subdivision. *Hackett v. Gihl*, 63 Mo. App. 447. If the return made by the constable on the notice of garnishment had been indorsed on the writ of attachment, it would have been ineffectual to accomplish the sequestration of the attachment defendant's credits in the hands of the garnishee.

The record discloses the fact that Printz, one of the attachment defendants, long prior to the attachment, had, by a certain instrument in writing, conveyed to the garnishee a certain stock of merchandise, and that in said instrument it was provided that out of the proceeds of the sale of said stock of merchandise, the garnishee should pay certain specified obligations, etc., and that the surplus should be paid to the said attachment defendant. If there was any such surplus in the hands of the garnishee at the time of the service of the notice of garnishment, he was bound by the stipulation in said instrument to pay over the same to the

attachment defendant.   This established the relation
of debtor and creditor between the attachment defend-
ant and the garnishee.   The garnishee was the debtor
of the attachment defendant.   He was not a depository
or bailee.   This is too plain for argument.   The declara-
tion of attachment could not, therefore, have the effect
to sequester this debt due by the garnishee to the attach-
ment defendant, unless it had been made as required
by the fifth subdivision of section 572, instead of the
fourth.   It inevitably follows that in any view that may
be taken of the return of the constable on the writ, or
on the notice of the garnishment, or of both, if taken
together as the return on the writ, that the same was
insufficient to confer upon the justice of the peace any
rightful jurisdiction to make any order for the payment,
which could bind the credits of the attachment defend-
ant in the hands of the garnishee.

And as to the amendment of the return, it may be
remarked that the rule is that applications therefor in
cases like the present are granted with great caution,
and should be denied when the officer trusts merely to
memory, and after lapse of months or years, asks to
change the whole effect of his proceedings by adding
to his return a statement which, if untrue, can not be
disproved, and as to a fact which is not likely to have
impressed his memory.   *Brecht v. Corby*, 7 Mo. App.
300.   Applying this rule to the return in the case in
hand, it is obvious that no amendment of the return
ought to be authorized by us.   There is nothing in the
record tending to show that the constable made the
declaration of attachment required by the fifth subdi-
vision of said section 543.   It seems to us that it would
not be the exercise of a sound discretion on our part to
permit him, at so late a date, even if he were offering
to do so, from mere memory to change his return so as
to show that he made the declarations required by the

last named subdivision, instead of that shown by his return.

There are other questions called to our attention in the briefs of counsel, but in view of the ruling just made, it becomes unnecessary to notice them.

The judgment will be reversed.   All concur.