MRS. C. A. HEFFNER, Respondent, v. W. A. RICE, Defendant; THE MISSOURI PACIFIC RAILWAY COMPANY, Garnishee, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. ATTACHMENT: Garnishment: Return of Officer: Jurisdiction: Statutory Construction. Where, in an attachment proceeding, the officer levies on inaccessible goods in the hands of a third party, his return should show that he attached the same in the hands of such person and summoned him as garnishee, or the court will not acquire jurisdiction.

2. ———: ———: ———: ———: ———. However, where he levies upon the credits of the defendant his return should show that he declared to the debtor that he attached in his hands all the debts due from him to the defendant, etc., in order to give the court jurisdiction.

3. ———: ———: ———: ———: Answer of Garnishee. The answer of the garnishee states that he "had in his possession, belonging to and due defendant" so much money. *Held*, the words "and due" add nothing to the other expressive language, and an officer's return under the fourth subdivision of the statute was sufficient and gave jurisdiction.

Appeal from Vernon Circuit Court.—*Hon. J. B. Johnson*, Judge.

AFFIRMED.

*Scott & Bowker* for appellant.

(1)   In the garnishment of a corporation the return of the sheriff must show that he served a notice in writing upon the officer of the corporation.   R. S. 1899, sec. 3427.   (2)   In attempting to garnishee a debt due from a party, the officer must follow provision 5, of section 388, Revised Statutes 1899, by declaring to the garnishee that he attaches in his hands all debts due from him to the defendant or so much thereof as shall be sufficient to satisfy the debt and costs and summons such debtor as garnishee.   Hackett v. Gihl, 63 Mo. App. 447; Grocer Co. v. Calson, 67 Mo. App. 179.   (3)   The return of the officer must be upon the execution and not upon the notice of summons. Hackett v. Gihl, 63 Mo. App. 447; Todd v. Railroad, 38 Mo. App. 110; Fee v. Railroad, 58 Mo. App. 90.   (4)   The appearance of garnishee by answering does not waive jurisdictional defects.   Masterson v. Railroad, 20 Mo. App. 635; Gates v. Tusten, 89 Mo. 13.   (5)   The officer simply saying in his return that he seized and attached money, checks, drafts, etc., in the hands of the garnishee is not enough to reach a credit due from the garnishee.   Coal Co. v. Adams, 99 Mo. App. 475.

*Chas. E. Gilbert* for respondent.

(1)   An appellate court has jurisdiction to permit the amendment of a return.   Muldron v. Bates, 5 Mo. 214; Holmes v. Hill, 19 Mo. 159; Weil v. Simmons, 66 Mo. 617; Holtschneider v. Railroad, 107 Mo. App. 381. (2)   Amendments are favored and should be liberally allowed in furtherance of justice.   Martin v. Martin, 27 Mo. 227; House v. Duncan, 50 Mo. 453; Hixon v. Selders, 46 Mo. App. 275; Water, etc., Co. v. Dreyfus, 104 Mo. App. 434.   (3)   "Money due" or "wages due" would be a "debt," under the legal definition of that term.   3 Blackstone, Con., p. 160; 13 Cyc., p. 398; 1 Bouvier's Law Dict. (12 Ed.), p. 436; 1 Anderson's Dict.

of Law, p. 315. (4) Where a judgment is manifestly for the right party it should be affirmed, regardless of any error that may have intervened at the trial. Cass Co. v. Bank, 157 Mo. 133; Insurance Co. v. Mattson, 100 Mo. App. 316; Grocery Co. v. Grossman, 100 Mo. App. 338.

BROADDUS, P. J.—This is an action of garnishment by plaintiff against the garnishee, The Missouri Pacific Railway Company. The plaintiff filed the necessary interrogatories and the company filed answer admitting that at the time of service of garnishment, "it had in its possession belonging to and due W. A. Rice the sum of sixty-eight dollars and ten cents."

Plaintiff filed a motion for judgment on the pleadings which the court sustained and rendered judgment and the garnishee appealed. The ground relied on for a reversal is that the return of the officer did not show such service as gave the court jurisdiction.

The return of the officer was made to conform practically to sub-division 4 of Revised Statutes 1899, section 338, which provides that: "Where goods and chattels, money or evidences of debt are to be attached the officer shall take the same and keep them in his custody if accessible; and if not accessible he shall declare to the person in possession thereof that he attaches the same in his hands, and summon such person as garnishee."

The appellant's claim is, that as the property was a credit of defendant the return should have been made to conform to sub-division 5 of said section, which provides that, "the officer shall declare to the debtor of defendant that he attaches in his hands all debts due from him to the defendant or so much thereof as shall be sufficient to satisfy the debt and interest, etc."

We had this question before us in Hackett v. Gihl, 63 Mo. App. 447, wherein it was held that, "a return

which showed that the officer had garnisheed under one of these divisions would not answer for the other." That if the property garnisheed was in the nature of property the return should conform to sub-division 4; if credits the return should conform to sub-division 5 of the statute, otherwise the court would not acquire jurisdiction of the subject matter. We so held again in Grocer Co. v. Carlson, 67 Mo. App. 179.

The appellant assumes that the answer of the garnishee shows that it owed the defendant, which would make it a credit of $68.10, whereas the language is that defendant "had in its possession *belonging to and due* defendant $68.10," that is to say, so much money. There was no explanatory evidence and we are to construe the language as it stands. Had the words "and due" been omitted there would be no room for dispute as to the real meaning. We do not think it means anything definite or that it qualifies in the least the expressive language that of "belonging to." It may be considered at most, as a tautological expression.

Plaintiff's motion for leave to have the officer amend his return is overruled. The return being sufficient the judgment of the court was proper. Affirmed. All concur.